[No. A038221. First Dist., Div. Four. Aug. 11, 1987.]

MARCIA CARTER, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
J. C. PENNEY CASUALTY INSURANCE COMPANY, Real Party
in Interest.

---

**COUNSEL**

Ron Leaf, Derek Goulding and Martin & Leaf for Petitioner.

No appearance for Respondent.

Kenneth E. Bacon and Handelman & Bacon for Real Party in Interest.

## OPINION

POCHÉ, Acting P. J.—Petitioner Marcia Carter seeks a writ of mandate requiring respondent court to overrule a demurrer to two causes of action in her complaint against her insurance carrier.

A first amended complaint for damages was filed by petitioner alleging in relevant part as follows: Petitioner has a "Homeowners Policy" with J.C. Penney Casualty Insurance Company covering her property at 515 Hillside Road, Redwood City. On or about January 5, 1982, her property was damaged as a result of a "landslide/land subsidence" on neighboring property. Although the policy required that she notify her carrier of a loss within a year of its occurrence, she was misled by the silence of defendants and the exclusionary language of the policy which, while it excluded from coverage damage caused by earth movement, covered losses due to third party negligence. Petitioner reported the loss to her carrier on August 5, 1983. At no time did defendants deny the claim but sought to create the appearance that they were willing to amicably adjust and settle the claim although petitioner now realizes that the appearance was false and that defendants had no intention of paying the full amount of the losses. Following notification of the loss, defendants engaged engineers to render an opinion as to the cause of the loss. The opinion "established" that negligence of the neighboring landowner and others caused in substantial part the damage to petitioner's property. The report was withheld from petitioner until on or about January 16, 1985. In order to protect her rights and those of defendants with respect to third parties, petitioner filed an action against the negligent third parties which action is presently pending. It is essential that petitioner be allowed to maintain the action against her insurer simultaneously with the action against the third party tortfeasors in order to prevent either action from being barred by the applicable statute of limitations.

Based on these allegations, the complaint (as relevant to this petition) set forth a first cause of action for breach of contract, a second cause of action for breach of the covenant of good faith and fair dealing and a fourth cause of action for violation of Insurance Code section 790.03.[1]

---

[1] The complaint alleges that defendants violated the Insurance Code by: "(a) Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue;

In a demurrer to the amended complaint, J.C. Penney Casualty Insurance Company, real party herein, argued that the first cause of action was barred by the one-year private limitations period in the contract. As to the second and fourth causes of action, real party contended that the causes of action were premature because there had not been a final conclusion of petitioner's action against the third party tortfeasors. The matter was heard on March 16, 1987, at which time the court overruled the demurrer to the first cause of action and sustained without leave to amend the demurrers to the second and fourth causes of action.

■ Real party's position is that *Royal Globe* applies and bars the bad faith actions against the insurance company until the action by petitioner against the third party is resolved. In *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], the Supreme Court for the first time extended to a third party injured by an insured a cause of action against the insurer for violations of section 790 et seq. of the Insurance Code, relating to unfair insurance practices. The *Royal Globe* court, however, concluded that such a suit may not be sustained until the action between the insured and the injured party is finally determined and liability established.

As this court pointed out when this contention was raised in *Bodenhamer* v. *Superior Court* (1987) 192 Cal.App.3d 1472 [238 Cal.Rptr. 177]: "No case has held . . . that it is a requirement that must be met when the insured, in contrast to the third party claimant, brings the action." (*Id.*, at p. 1480.) ■ This court went on to explain: "The duty of an insurer to its insured is more extensive than is its duty to a third party claimant. The duty of the insurer to the third party arises solely from the duty to indemnify the insured. The duty to the insured is based upon the contract relationship and includes the duty not to breach the implied covenant of good faith and fair dealing, a duty owed to the insured alone. (*Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 941 [132 Cal.Rptr. 424, 553 P.2d 584].) ■ If, as concluded above, a duty to act reasonably and in good faith can arise prior to settlement, then a duty to comply with the statutory requirements of

---

"(b) Failing to acknowledge and act reasonably prompt [*sic*] upon communications with respect to claims arising under insurance policies;

"(c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Homeowner Policy and other policies;

"(d) Failing to affirm or deny coverage of the claim of plaintiff and others within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

"(e) Not attempting in good faith to effectuate prompt, fair and equitable settlement of plaintiff's claim and those of other insureds, in which liability had become reasonably clear;

"(f) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of her claim;

"(g) Other unfair and deceptive acts and practices."

section 790.03, subdivision (h) can also arise prior to and independently of a final determination of the insured's liability." (*Ibid.*)

Petitioner has cited two other cases in which insureds were allowed to proceed against their insurance company despite the fact that coverage had not been finally determined. (*California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1986) 184 Cal.App.3d 1428 [229 Cal.Rptr. 409]; *San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913].) In *California State Auto. Assn. Inter-Ins. Bureau* v. *Superior Court,* the insurance company (CSAA) filed a declaratory relief action to determine whether it was liable on an uninsured motorist claim. The insured cross-complained against the insurance company for bad faith and the insurance company tried to invoke *Royal Globe* through a demurrer to the cross-complaint. The Court of Appeal concluded that *Royal Globe* did not apply to an action by an insured against her insurance company. (184 Cal.App.3d at p. 1432.) The insurance company posited that no award could be made without first establishing that coverage exists. The majority suggested that the solution to the timing problem raised by CSAA was to try the declaratory relief complaint prior to trial of the cross-complaint. A concurring and dissenting voice considered the suggestion unnecessary.

Real party here also suggests that in order to establish any liability for bad faith petitioner must establish that the moving or efficient cause of her landslide was the negligence of third parties. Establishing the fault of third parties is not a prerequisite to trial or disposition of the suit against her insurer. Petitioner's argument that in the resolution of the coverage issue her insurer acted in bad faith is not necessarily dependent—either in law or in fact—upon the entry of judgment in petitioner's action for or against the third parties.

■ This is an appropriate case for issuance of a writ. "[W]here an order bars a substantial portion of a plaintiff's case from being heard on the merits, a petition for writ of mandate to vacate that order may be maintained." (*Nazaroff* v. *Superior Court* (1978) 80 Cal.App.3d 553, 557-558 [145 Cal.Rptr. 657].) Further, this case, which is one of first impression on the issue of whether an insured may sue its insurance company while a third party action is pending, is one of sufficient general interest to the public and to the bar to warrant an immediate decision.

Let a peremptory writ of mandate issue directing the San Mateo Superior Court to vacate its order sustaining the demurrer to the second and fourth

causes of action in the first amended complaint and to enter a new order overruling the demurrer.

Channell, J., and Sabraw, J., concurred.