[No. B040755. Second Dist., Div. Three. Aug. 25, 1989.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB
OF SOUTHERN CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MANZELL MAESHACK et al., Real Parties in Interest.

**COUNSEL**

Gilbert, Kelly, Crowley & Jennett, William D. Jennett, Michael I. D. Mercy, Clifford H. Woosley and David E. Bower for Petitioner.

No Appearance for Respondent.

Gloria J. Brimberry for Real Parties in Interest.

**OPINION**

**DANIELSON, J.**—The Interinsurance Exchange of the Automobile Club of Southern California seeks a writ of mandate compelling the superior court to vacate its order of March 8, 1989, overruling petitioner's demurrer to the second amended complaint of Manzell Maeshack, Miguel Parada, and Ruben Hernandez, in an action arising out of a collision between a vehicle in which Parada and Hernandez were riding as Maeshack's passengers, and a second vehicle driven by an uninsured motorist. At issue is the propriety of plaintiffs' joinder of petitioner, who was the insurer of Maeshack's vehicle, in this action. We determine plaintiffs have failed to obtain liability determinations requisite to their respective causes of action against

the insurer for its alleged bad faith refusal to settle their claims (Ins. Code, § 790.03, subd. (h)), and grant the petition.

<h2 style="text-align:center">FACTS</h2>

Plaintiffs commenced this action on September 23, 1987, naming petitioner, plaintiff Maeshack and Does 6 through 10 as defendants.

In their second amended complaint, plaintiffs named as defendants, petitioner, Alvin Willis, Angelita Edge, and plaintiff Maeshack.[1] In a single cause of action, plaintiffs alleged they were occupants of plaintiff Maeshack's vehicle on September 24, 1986, when it was struck by an uninsured vehicle driven by either an individual who fled the accident scene, or one or the other of Willis and Edge, registered owners of the uninsured vehicle, who reported to the police that it had been stolen three weeks prior to the accident.

Plaintiffs alleged they all sustained personal injuries, and Maeshack also sustained damage to his vehicle, due to the accident.

According to plaintiffs, the accident was reported to petitioner, who commenced processing plaintiffs' claims, accepting documentation of the losses and paying Maeshack's property damage claim, but thereafter refused to investigate the claims, or to provide plaintiff Maeshack a copy of the policy, or to compensate plaintiffs for their losses. Plaintiffs also complained that petitioner demanded from them unnecessary additional statements after they had clearly stated the accident was not subject to workers' compensation coverage.

Plaintiffs sought damages from petitioner for the insurer's alleged statutory bad faith (Ins. Code, § 790.03, subd. (h)) in failing to promptly settle their claims. In the same action, plaintiffs Parada and Hernandez apparently also sought damages from plaintiff Maeshack for their alleged injuries (fn. 1, *supra*), and all three plaintiffs sought damages from Edge and Willis for their alleged "wrongful conduct in managing, operating, controlling and failure to insure their motor vehicle . . . ."

<h2 style="text-align:center">CONTENTIONS</h2>

Petitioner contends no action for bad faith breach of an insurance contract based on the insurer's failure to pay an uninsured motorist claim can

---

[1] Parada and Hernandez apparently sought damages for their injuries from Maeshack. If so, they should have filed a cross-complaint in the present action, or a separate action. For the purposes of this petition, we will treat their causes of action as properly pled.

be maintained until the issues of liability and damages as to the uninsured motorist have been determined.

The responding plaintiffs contend, essentially, that inasmuch as they are not suing petitioner under the uninsured motorist provision of the policy, but rather, for the insurer's bad faith refusal to settle their claims, they may pursue their action in the superior court and need prove only that the liability of the uninsured motorist was reasonably clear when petitioner refused to engage in meaningful settlement negotiations with them.

DISCUSSION

On August 18, 1988, the Supreme Court issued its decision in *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58] (*Moradi-Shalal*). In *Moradi-Shalal,* the court overruled its prior decision in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] (*Royal Globe*) and held that "Neither [Insurance Code] section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)." (*Moradi-Shalal, supra,* at p. 304.) However, the court held that its decision would not apply to any bad faith action filed before the decision in *Moradi-Shalal* became final, but, as to such cases, "there must be a conclusive judicial determination of the insured's liability before the third party can succeed" in such action. (*Id.* at p. 306.)[2]

*Moradi-Shalal* had to do with a third party bad faith claim against the tortfeasor's insurer. The court held, "an injured claimant has a right of recovery under [Insurance Code section 790.03, subdivision (h)] only upon proof that the insured was actually liable to the third party claimant. If the insured is not liable for the claimant's injury, the claimant has no right to damages from the insured, and the claimant cannot be permitted to recover for 'unfair conduct' by the insurer in refusing to settle an underlying unmeritorious claim." (46 Cal.3d at p. 308.)

*Moradi-Shalal* adopted the reasoning of the court in *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 714 [180 Cal.Rptr. 464], construing *Royal Globe*'s holding that a bad faith claim could "not be brought until the action between the injured party and the insured is concluded" (*Royal Globe, supra,* 23 Cal.3d at p. 884) to mean that "'the injured third party may not institute [a section 790.03] action until a judgment establishing the liability of the insured has been secured.'" (*Moradi-Shalal,*

---

[2] The present action was filed on September 23, 1987.

*supra,* 46 Cal.3d at p. 309.) In *State Farm Mutual Automobile Ins. Co.* v. *Superior Court* (1989) 211 Cal.App.3d 5 [259 Cal.Rptr. 50], we held a judgment under Code of Civil Procedure section 1141.23 following a judicial arbitration proceeding and an award from which no party sought a trial de novo met *Moradi-Shalal*'s requirement of a conclusive judicial determination of liability of the insured.

■■■ In the present case, we are concerned with the action of the plaintiff passengers for the insurer's alleged bad faith in failing to settle with them, and with the insured's action for the insurer's alleged bad faith failure to promptly settle his claim under the uninsured motorist provision of the relevant policy. In either case, we hold the liability of the tortfeasor, whether Maeshack or the uninsured motorist, must first be determined.

The first of the above described situations is clearly governed by *Moradi-Shalal.* The only difference between Parada and Hernandez and the typical third party claimant is that the former were passengers in the insured vehicle, rather than persons outside of it. ■■ ■■■ ■■ ■■ Therefore, they cannot join the insurer in their action against Maeshack,[3] but must obtain a final judicial determination of Maeshack's liability before proceeding against his insurer for bad faith refusal to settle their claims.

The second situation is similar to the cases involving third party bad faith claims, in that the insurer has no liability to Maeshack under the uninsured motorist provision absent liability of the uninsured motorist to him. Statutory provision has been made for determination of liability of an uninsured motorist in Insurance Code section 11580.2, which provides, in part: "The policy . . . shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." (§ 11580.2, subd. (f); see, e.g., *Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 919-920 [148 Cal.Rptr. 389, 582 P.2d 980].) Maeshack alleges petitioner's bad faith refusal to settle; however, nowhere in the second amended complaint does he allege that his entitlement to damages, and the amount thereof, have been determined in arbitration proceedings with the insurer, as required by subdivision (f) of section 11580.2.[4]

---

[3] With respect to insurance bad faith actions pending when the decision in *Moradi-Shalal* was filed, the court affirmed *Royal Globe*'s proscription against joining both insured and insurer in the same suit, in part on the ground that "a joint trial 'would obviously violate both the letter and spirit of [Evid. Code, § 1155].' [Citation.] That section provides that evidence that an alleged tortfeasor is insured is inadmissible to prove the insured's negligence or wrongdoing. Its 'obvious purpose' is to prevent the prejudicial use of such evidence in a proceeding to determine the insured's liability. [Citation.]" (*Moradi-Shalal,* 46 Cal.3d at p. 306.)

[4] Although Evidence Code section 1155 is not by its language applicable to this situation, it appears to us that the policy considerations underlying that statute would apply, and that

We conclude the trial court erred in overruling petitioner's demurrer to the second amended complaint.

## DECISION

Let a writ of mandate issue directing the trial court to vacate its order overruling petitioner's demurrer to the second amended complaint, and enter a new order sustaining the demurrer. Each party is to bear its own costs.

Klein, P. J., and Croskey, J., concurred.

---

they would not be served by permitting joinder of an insured's action against his insurer for bad faith failure to settle an uninsured motorist claim with the underlying action against the third party tortfeasor. In effect, such a practice would permit prejudicial use of evidence of insurance applicable to the claim, albeit not the uninsured motorist's insurance, in the proceeding to determine the uninsured motorist's liability. (Cf. *Carter* v. *Superior Court* (1987) 194 Cal.App.3d 424 [239 Cal.Rptr. 723]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Superior Court* (1986) 184 Cal.App.3d 1428 [229 Cal.Rptr. 409].)