[No. D010472. Fourth Dist., Div. One. Aug. 30, 1989.]

ZEPHYR PARK, LTD., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ALLSTATE INSURANCE COMPANY, Real Party in Interest.

**COUNSEL**

Hillyer & Irwin, Donald L. Cupit and Brown B. Smith for Petitioners.

No appearance for Respondent.

McInnis, Fitzgerald, Rees, Sharkey & McIntyre, Thomas E. Sharkey and Robert W. Buckley for Real Party in Interest.

**OPINION**

**FROEHLICH, J.**—This petition tests the applicability of the ruling in *Moradi-Shalal* (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58] to "bad faith" claims brought under Insurance Code section 790.03, subdivision (h),[1] by first party, as distinguished from third party, plaintiffs. ██ We hold *Moradi-Shalal* determined that section 790.03(h) cannot be used as the basis for a private action, whether brought by "first parties" or "third parties,"[2] but that the

---

[1] All statutory references are to the Insurance Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[2] While the terms "first party" and "third party" are reasonably well understood in insurance and legal practice, it is perhaps appropriate to define the manner in which they are utilized in this opinion. Insurance bad faith cases typically involve two of three parties. The defendant is usually the insurance company which has written the policy upon which a claim has been made (the defendant may also, however, be an employee or agent of the insurance company). The policy is written to protect the owner or beneficiary of the policy, who is termed a "first party." If the owner of the policy concludes the insurance company has not complied with the terms of the policy or has engaged in unfair settlement practices, the claim he brings against the insurance company is termed a "first party" claim. Where the insurance is a liability policy, the protection afforded the owner is its provision for indemnification against claims of third parties for whose damage the insured is for some reason liable. While the damaged individual has a claim directly against the insured, his compensation as a practical matter comes from the insurance company. Hence it is not unusual for the damaged third party to deal directly with the defendant's insurance company. In any event, failure by the insurance company to honor the insured's claim results in denial of compensation to the third

Supreme Court's ruling of nonretroactivity for pending bad faith cases is applicable to "first party" as well as "third party" actions. We therefore conclude the trial judge's granting of the defendant's motion for judgment on the pleadings was in error, and grant the writ.

## THE PLEADING

Petitioners are the owners and operators of a "wind farm"—an installation of wind turbine generators utilized to produce electricity which is sold to a public utility. Petitioners purchased a property damage insurance policy from the predecessor in interest to real party in interest, Allstate Insurance Company. Property damage was suffered which was covered by the insurance, but the claim was paid only after years of litigation. This lawsuit represents petitioners' claim for damages resulting from allegedly unfair claims settlement practices utilized by Allstate's predecessor. The second cause of action of the complaint, which is the subject of the motion for judgment on the pleadings herein, alleged a cause of action based upon breach of section 790.03(h).[3]

---

party. Failure by the insurance company to utilize fair settlement practices therefore often results in loss or lack of compensation to the third party, which may give rise to a claim by the third party directly against the insurance company. Such claims are called "third party" claims.

[3] Insurance Code section 790.03 defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. Subdivision (h), added in 1972, lists as a "prohibited act": "Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices: (1) Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue.

"(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

"(3) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

"(4) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

"(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

"(6) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when such insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

"(7) Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

"(8) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured, his representative, agent, or broker.

"(9) Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made.

## THE ISSUES

Before the ruling in *Moradi-Shalal*, and based upon the decision in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], it was judicially accepted that a private cause of action for unfair settlement practices by an insurance company could be based upon prohibitions contained in section 790.03(h). *Moradi-Shalal* overruled *Royal Globe* and established that, insofar as third party claimants were concerned, section 790.03(h) did not provide a private cause of action. Petitioners herein are first party, rather than third party, claimants. The first issue to address, therefore, is whether the rule of *Moradi-Shalal* should be limited to third party claims, or should be applied as well to first party claims.

When the *Moradi-Shalal* court issued its ruling it also concluded that the newly enunciated rule precluding use of section 790.03(h) as a basis for private claims should not be completely retroactively applied. The court exempted from the ruling's effect all *"Royal Globe* actions that already have been filed or litigated, but are not yet final." (*Moradi-Shalal, supra,* at p. 305.) If *Moradi-Shalal* is applicable to first party as well as third party claims, we must then determine whether that application, as with third party claims, should apply only prospectively as to pending litigation. Petitioners' claims were filed and remained pending at the time of the decision in *Moradi-Shalal*. If, therefore, the rule of nonretroactivity is applied to first party claims, the second cause of action should have been upheld.

## DISCUSSION

### *Applicability of Moradi-Shalal to First Party Claims*

We search the Supreme Court opinion to ascertain whether it was intended to be limited to the specific type of claim before it—a third party claim—

---

"(10) Making known to insureds or claimants a practice of the insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

"(11) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

"(12) Failing to settle claims promptly, where liability has become apparent, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

"(13) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

"(14) Directly advising a claimant not to obtain the services of an attorney.

"(15) Misleading a claimant as to the applicable statute of limitations."

or whether its rationale bars also first party claims. The court's discussion of treatment of the issue by other jurisdictions is not limited to the question of third party claims. Noting that the California statute was derived from a model act which was then adopted by 48 states, the court finds that "only two states other than California recognize a statutory cause of action for private litigants." (46 Cal.3d at pp. 297-298.) In the discussion of scholarly criticism of *Royal Globe,* and in review of legislative history, the references are consistently to "private rights of action" in general, rather than to third party claims alone. (*Id.* at pp. 298-300.) Although reference is made to the particularly "unfortunate" consequence of imposing a duty by insurers directly to third parties (*id.* at p. 302), the general thrust of the court's discussion does not suggest limitation of its reasoning to third party cases.

It can perhaps be argued that we read too fine in looking for implied meaning in the discussion section of the court's opinion, and that we need search only for the court's final and literal ruling. That ruling was: "Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)." (46 Cal.3d at p. 304.) A literal adherence to this pronouncement mandates the exclusion of all private causes of action, whether first or third party.[4]

Were we, however, to concede that the ruling in *Moradi-Shalal* does not directly address first party claims, and that to the extent it does it is dictum; and that the obligation of determining the survival of first party section 790.03 claims is squarely upon our shoulders, we would nevertheless reach the same conclusion. There is less reason to be concerned about depriving first parties of their use of section 790.03 as a basis for claims, than exists for third parties. First parties are in privity with the insurance carrier and typically have regular contract claims, including common law "bad faith" claims, which can be pursued.[5] Section 790.03(h) has been termed "a codification of the earlier tort of bad faith, which historically is a breach of the duty of good faith and fair dealing which is implied in every contract

---

[4] We note that one Court of Appeal decision has already taken the Supreme Court's ruling quite literally. In *Industrial Indemnity Co.* v. *Superior Court* (1989) 209 Cal.App.3d 1093 [257 Cal.Rptr. 655] at page 1097, the court stated: ". . . Insurance Code section 790.03, subdivision (h), creates no right of private action for anyone, whether an insured or not." We write more extensively on the subject than did the *Industrial Indemnity* court because that court was dealing with a third party rather than a first party claim, and hence its general pronouncement was, as to first party law, dictum.

[5] The availability of such remedies was noted in *Moradi-Shalal, supra,* 46 Cal.3d at pages 304-305, where the court acknowledged the continued existence of the traditional remedies of fraud, infliction of emotional distress, "and (as to the insured) either breach of contract or breach of the implied covenant of good faith and fair dealing." (*Id.* at p. 305.) The reference to actions retained by the insured, who is of course the first party, is yet another suggestion that the court intended its ruling to be general, rather than limited to third party claims.

[Citations.]." (*Richardson* v. *GAB Business Services, Inc.* (1984) 161 Cal. App.3d 519, 524 [207 Cal.Rptr. 519]; see also *General Ins. Co.* v. *Mammoth Vista Owners' Assn.* (1985) 174 Cal.App.3d 810, 822 [220 Cal.Rptr. 291].) The evident purpose of the legislation, as confirmed by *Moradi-Shalal,* was to vest in an administrative agency the power to police "bad faith" practices in the industry. The creation of section 790.03(h) did nothing either to expand or restrict the preexisting common law right of action; the limitation of the utilization of section 790.03 to governmental entities should similarly have no effect upon the common law private right of action. There is simply no need, therefore, to perpetuate the availability of section 790.03(h) as the basis for first party causes of action.[6]

*Retroactivity*

We consider whether our ruling should have retroactive effect, or as in the *Moradi-Shalal* decision should be applied only to cases not yet filed prior to the date the *Moradi-Shalal* decision became final. We first look to the *Moradi-Shalal* decision itself for possible guidance. In its discussion of possible retroactivity to then pending cases, the Supreme Court referred generically to "*Royal Globe* actions." It stated: ". . . [W]e hold that our decision overruling [*Royal Globe*] will not apply to those cases seeking relief under section 790.03 filed before our decision here becomes final. In the following part of this opinion, we turn to an analysis of the principles that will govern recovery in surviving *Royal Globe* cases, such as the present one, brought by third party claimants." (*Moradi-Shalal, supra,* at p. 305.)

The end of this quoted passage refers to the surviving *Royal Globe* cases, "such as the present one, *brought by third party claimants*." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 305, italics added.) The subsequent extended discus-

---

[6] We are aware that grounding a cause of action on section 790.03(h) may in some circumstances provide a basis for relief which would not exist under a common law "bad faith" claim, even in first party claims. For instance, claims against agents or employees of the insurer, based upon section 790.03(h), have been upheld (see *Reasoner* v. *Aetna Life Ins. Co.* (S.D.Cal. 1984) 600 F.Supp. 278, 279); and independent contractors investigating claims for an insurer may be considered within the ambit of the statute, as being "in the business of insurance." (See *Richardson* v. *GAB Business Services, Inc., supra,* at p. 525, where GAB, the independent investigator, was held not to be in the insurance business because it was retained by Safeway Stores which was self-insured and hence not in the "insurance business.") Indeed, certain parties joined in the second cause of action of the complaint herein appear to be independent agents of the insurance company retained for investigatory purposes. While the issue is not before us in this petition, we assume that plaintiff first party might find difficulty in stating a cause of action against such independent agents, absent use of section 790.03(h), in that no privity of contract exists between the first party and the independent investigatory agent, or, for that matter, with an employee of the insurance company. We do not regard this minor deprivation of theoretical causes of action as undermining our basic premise, which is that first parties are vested with ample theories of action against an insurer who engages in unfair settlement practices, and have no need of section 790.03(h) as authority for claims.

sion which follows (*id*. at pp. 305-313) deals exclusively with matters related to third party claims. These aspects of the opinion possibly suggest an intention to defer applicability of the new ruling only as to third party cases.

However, at the beginning of its discussion of retroactivity the court states: "The question arises whether our decision should apply to *Royal Globe* actions that already have been filed or litigated, but are not yet final." (46 Cal.3d at p. 305.) Of course, cases had been filed and litigated as "*Royal Globe*" (i.e., causes of action based on alleged violation of section 790.03(h)) which were first party claims. (See, e.g., *Carter* v. *Superior Court* (1987) 194 Cal.App.3d 424 [239 Cal.Rptr. 723]; *Bodenhamer* v. *Superior Court* (1987) 192 Cal.App.3d 1472 [238 Cal.Rptr. 177]; *California State Auto Assn. Inter-Ins. Bureau* v. *Superior Court* (1986) 184 Cal.App.3d 1428 [229 Cal.Rptr. 409].) One might infer, therefore, that the use of the generic term "*Royal Globe* actions" was intended to mean all actions based upon section 790.03(h), whether first party or third party claims.

We find it is not possible to determine conclusively, from the *Moradi-Shalal* opinion itself, whether the Supreme Court intended to include first party cases within its nonretroactivity ruling. We therefore look to general principles stated elsewhere. A comprehensive restatement of the law of retroactivity of rulings is found in *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147 [181 Cal.Rptr. 784, 642 P.2d 1305]. The general rule is that decisions which overrule prior precedent are given retroactive effect, but exceptions are made when "considerations of fairness and public policy preclude full retroactivity." (*Id*. at pp. 151-152.) Such considerations include (i) whether retroactivity would impair vested contract or property rights, (ii) how the purpose of the new standard would be affected by retroactivity, (iii) the effect on the administration of justice by retroactive application, and (iv) the extent to which reliance has been placed on the old standard, and the ability of litigants to foresee the coming change in the law. (*Id*. at pp. 152-153.)

In precluding retroactive application (as to cases on file but not concluded) for third party claims, the *Moradi-Shalal* court referenced its desire to accord fairness "to the substantial number of plaintiffs who have already initiated their suits in reliance on *Royal Globe*." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 305.) The court then resolved the "predetermination" question by ruling that a final judgment in the underlying action is necessary, rather than mere settlement of the claim, as had been held by certain Court of Appeal authority. The court's concern for the large group of plaintiffs who have initiated suit in terms of nonretroactivity of its ruling is thus substantially moderated by excluding from the favored group those who had not perfected underlying final judgments.

When one considers retroactivity for first party claimants, the question of finality of a judgment determining a defendant's liability is not presented. (See *Carter* v. *Superior Court, supra,* 194 Cal.App.3d at pp. 427-428.) The principal reason for precluding trial of the third party bad faith case along with the underlying injury action was the rule of Evidence Code section 1155, which precludes evidence of the insurance of the defendant in a personal injury case. That problem does not arise in first party cases because the insurance contract is the basis of the action and is always admissible in evidence. The class of first party claimants hypothetically affected by the *Moradi-Shalal* ruling is therefore not reduced by the prerequisite of conclusion of the prior liability case, and may in fact be greater in number and significance than the third party litigants. Should this consideration move us to grant retroactivity, or to deny it?

The *Moradi-Shalal* court noted that plaintiffs had filed suit "in reliance" on *Royal Globe.* Can it be said, equally, that the first party claimants filed "in reliance" on *Royal Globe*? As noted *ante,* many third party claims must rely solely upon the authority of section 790.03(h) as a basis for the cause of action, while most first party claims may be brought on other grounds. Reversing *Royal Globe* was truly significant only as to its effect on third party claims. It eradicated a right which the Supreme Court itself some nine years previous had created. While, as we have remarked above, first party claims have indeed been made based upon section 790.03(h) and referred to as "*Royal Globe*" claims, the real impact of *Royal Globe* was not as to first party claims. The shock of the bar, we believe, resulting from *Moradi-Shalal* was with respect to pending and anticipated third party cases. To ameliorate that shock the court provided partial exemption from the general principle of retroactivity. The reasons which we believe underlie this decision do not apply equally to first party litigation.

Nevertheless, we are persuaded that the preclusion of use of section 790.03(h) as a basis for private claims should be applied to first party claims in the same manner as imposed by the Supreme Court on third party claims. First party section 790.03(h) claims which were on file before the finality of *Moradi-Shalal* shall remain viable. Some motivation for this conclusion is that it creates symmetry in this window of surviving causes of action, which in itself may be desirable. A uniform rule may also be thought more appropriate in contemplation of the purpose of nonretroactivity, which is fairness. It is well argued that comparing the equities of third party claimants and first party claimants, we should not accord greater rights to the third parties. After all, the insurance company has direct contractual and fiduciary obligations to its insured. We should not show greater judicial concern for the rights of pending claimants who have no privity with the

defendant, than we do for those to whom the insurer had clear contractual and common law obligations.

We rule, therefore, that the motion of Allstate for judgment on the pleadings should have been denied. An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]9; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ issue ordering the superior court to vacate its ruling granting summary judgment on petitioner's second cause of action, and requiring the reinstatement of the said cause.

Kremer, P. J., and Huffman, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 2, 1989.