[No. B048214. Second Dist., Div. Three. June 5, 1990.]

LEWIS MALER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FEDERAL INSURANCE COMPANY et al., Real Parties in
Interest.

---

**COUNSEL**

Steven W. Murray and Kerry A. Kinney for Petitioners.

No appearance for Respondent.

O'Melveny & Myers, Ralph W. Dau, David Pettit and Susan G. Poehls for Real Parties in Interest.

## OPINION

KLEIN, P. J.—Petitioners Lewis Maler, Sidney Dinow, Vikron Inc., a California corporation, Vikron-Agoura Company, a limited partnership, and Deauville Financial Co., Inc., a California corporation (collectively, plaintiffs) seek a peremptory writ of mandate directing the superior court to overrule the demurrers of real parties in interest Federal Insurance Company, a corporation, and Pacific Indemnity Co., Inc., a California corporation (collectively, defendants) to Maler's eighth cause of action for violation of Insurance Code section 1861.03.[1]

The essential issue presented is whether section 1861.03, enacted as part of Proposition 103, superseded *Moradi-Shalal* v. *Fireman's Fund Ins. Co.* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58], so as to allow a private litigant to maintain a cause of action under section 790.03.

Because section 1861.03 makes the business of insurance subject to California laws applicable to any other business, but does not in itself give rise to an independent cause of action, the petition is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs are insured individuals, builders and contractors who purchased liability policies from defendants. The action arises out of defendants' decision to decline to provide a defense or indemnity in an underlying action.

On August 8, 1989, plaintiffs filed suit against defendants and on October 2, 1989, they filed an amended complaint setting forth ten causes of action, including breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence and conspiracy.

In addition, plaintiffs alleged breaches of statutory duties: the seventh, eighth and ninth causes invoked section 790.03 et seq., section 1861.03 et seq., and Business and Professions Code section 17200 et seq., respectively.

Defendants brought a motion for judgment on the pleadings with respect to the seventh through ninth causes of action on the ground each of said causes of action failed to state facts sufficient to constitute a cause of action.

---

[1] All statutory references are to the Insurance Code unless otherwise specified.

Relying on *Moradi-Shalal* v. *Fireman's Fund Ins. Companies.*, *supra*, 46 Cal.3d 287, defendants contended the seventh cause of action failed because there is no private right of action under section 790.03. The eighth cause of action likewise could not stand because section 1861.03 does not provide any independent basis for a private cause of action. As for the ninth cause of action, defendants submitted the Business and Professions Code section 17200 claim was premised on violations of section 790.03, and because there is no private right of action under section 790.03, the Business and Professions Code section 17200 claim is necessarily infirm.

The matter was heard on December 7, 1989. The trial court treated defendants' motion for judgment on the pleadings as a general demurrer to the seventh, eighth and ninth causes of action. The trial court sustained the demurrer to the seventh and eighth causes of action without leave to amend and overruled the demurrer as to the ninth cause of action.

Plaintiffs filed the instant petition seeking review of the trial court's ruling as to the eighth cause of action.[2] We issued an alternative writ.

## CONTENTIONS

Plaintiffs contend the eighth cause of action is well-pled because Proposition 103 enacted a private cause of action for insureds against insurers and California laws prohibiting unlawful, unfair or fraudulent business practices are now applicable to the business of insurance.

## DISCUSSION

1. *Plaintiffs' attempt to circumvent Moradi-Shalal fails because section 1861.03 does not give rise to an independent cause of action.*

 a. *Section 1861.03 declares insurance industry subject to California law.*

 Section 1861.03 was added by Proposition 103, which was approved by California voters at the November 8, 1988, election.

Section 1861.03 provides in relevant part at subdivision (a): "The business of insurance shall be subject to the laws of California applicable to any other business, including, but not limited to, the Unruh Civil Rights Act (Civil Code Section 51 through 53), and the antitrust and unfair business practices laws . . . ."

---

[2] The petition does not challenge the trial court's ruling as to the seventh cause of action.

b. *The relevant allegations.*

The eighth cause of action, breach of statutory duties under section 1861.03, provides in substance: Plaintiffs were members of the class of persons intended to be protected by section 1861.03 et seq., and said statutes were intended to prevent the type of harm sustained by plaintiffs. Defendants, by its acts and omissions after the adoption of Proposition 103, violated its duties under "[Business and Professions Code] § 17200, the provisions of which are incorporated into . . . section 1861.03(a). The unfair competition, defined in B&P Code § 17200, includes . . . violations . . . of . . . § 790.02 and 790.03(h), . . ."

Based thereon, plaintiffs sought attorney's fees and costs under section 1861.10, subdivision (b), injunctive relief, damages for economic harm as well as general damages and punitive damages.

c. *Prior to Proposition 103, Moradi-Shalal abrogated private right of action under section 790.03.*

█ *Moradi-Shalal,* in overruling *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], held: "Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 304.)

Because *Moradi-Shalal* involved a third party claim, it remained for *Zephyr Park* v. *Superior Court* (1989) 213 Cal.App.3d 833, 836-838 [262 Cal.Rptr. 106] (hg. den.), to address whether *Moradi-Shalal*'s rationale also barred first party claims. *Zephyr Park* concluded *Moradi-Shalal* "mandates the exclusion of all private causes of action [under section 790.03], whether first or third party. [Fn. omitted.]" (*Zephyr Park, supra,* at p. 837.)

In arriving at this broad reading of *Moradi-Shalal, Zephyr Park* observed *Moradi-Shalal*'s treatment of the issue by other jurisdictions is not limited to the question of third party claims. (*Zephyr Park, supra,* 213 Cal.App.3d at p. 837; *Moradi-Shalal, supra,* 46 Cal.3d at pp. 297-298.) Further, in discussing scholarly criticism of *Royal Globe* and in reviewing legislative history, *Moradi-Shalal* consistently refers to " 'private rights of action' " generally, rather than to third party rights. (*Zephyr Park, supra,* at p. 837; *Moradi-Shalal, supra,* at pp. 298-300.)

We make the additional observation that *Moradi-Shalal*'s pronouncement that section 790.03 contemplates administrative sanctions by the

Insurance Commissioner, rather than a private civil cause of action for damages, does not differentiate between first and third party claims. (*Moradi-Shalal, supra,* 46 Cal.3d at pp. 303-304.)

We therefore concur with *Zephyr Park* that *Moradi-Shalal*'s rationale in barring a statutory cause of action for private litigants under section 790.03 is equally applicable to first party claimants.

 d. *Section 1861.03 did not lift Moradi-Shalal's ban on private actions under section 790.03.*

 As contrasted with their unsuccessful effort in the seventh count to state a cause of action under section 790.03 directly, which ruling is not before us, plaintiffs attempt indirectly in the eighth count to plead a breach of section 790.03. In essence, plaintiffs allege that defendants' breach of its statutory duties under section 790.03 amounts to unfair competition within the meaning of Business & Professions Code section 17200,[3] thereby constituting a violation of section 1861.03.

As set forth above, section 1861.03, subdivision (a), simply declares that the insurance industry is subject to California laws applicable to any other business, including the antitrust and unfair business practices laws. (§ 1861.03; Business and Professions Code §§ 16600 et seq., 17200, 17500 et seq.) Because the insurance industry obviously was subject to section 790.03 prior to the adoption of section 1861.03, the latter section did not extend the application of section 790.03 to the business of insurance. Thus, section 1861.03 cannot be construed to supersede *Moradi-Shalal*'s ban on a private action for damages under section 790.03. Further, plaintiffs cannot circumvent that ban by bootstrapping an alleged violation of section 790.03 onto Business and Professions Code section 17200 so as to state a cause of action under section 1861.03.

Moreover, section 1861.03 does not in itself create an independent cause of action. A plaintiff aggrieved by an insurer's alleged misconduct must state a cause of action under the applicable California law, not merely a cause of action for breach of section 1861.03.

 e. *Section 1861.10 likewise does not create private right of action under section 790.03.*

 Section 1861.10, also added as part of Proposition 103, pertains to consumer participation. It states in pertinent part: "(a) *Any person may*

---

[3] Business and Professions Code section 17200 states: "As used in this chapter, unfair competition shall mean and include unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

*initiate or intervene in any proceeding permitted or established pursuant to this chapter,* challenge any action of the commissioner under this article, and enforce any provision of this article. ¶ (b) The commissioner or a court shall award reasonable advocacy and witness fees and expenses to any person who demonstrates that (1) the person represents the interests of consumers, and, (2) that he or she has made a substantial contribution to the adoption of any order, regulation or decision by the commissioner or a court. Where such advocacy occurs in response to a rate application, the award shall be paid by the applicant." (Italics added.)

Because section 1861.03, declaring the insurance industry subject to California law, does not create a private right of action under section 790.03, a private suit under section 790.03 is not a "proceeding permitted or established pursuant to this chapter[.]" (§ 1861.10, subd. (a).) Section 1861.10 does not transform section 790.03 into a private right of action, but rather, is analogous to Code of Civil Procedure section 1021.5, which codifies the private attorney general doctrine. (*Bruno* v. *Bell* (1979) 91 Cal.App.3d 776, 782 [154 Cal.Rptr. 435].)[4]

### f. *Petitioners' reliance on 1989 amendment to section 1861.03 unavailing.*

■ Section 1861.03, subdivision (a), as adopted by the voters on November 8, 1988, provided the business of insurance shall be subject to " . . . unfair business practices laws (Parts 2 and 3, commencing with section 16600 of Division 7, of the Business and Professions Code)."

In 1989, the Legislature modified the subdivision by inserting references to the commencing sections. (Stats. 1989, ch. 1099, § 3, eff. Sept. 30, 1989; see Historical Note, 42A West's Ann. Ins. Code, 1990 cum. pocket supp., p. 77.) Section 1861.03, subdivision (a) now provides for the application of ". . . unfair business practices laws (Parts 2 (*commencing with Section 16600*) and 3 (*commencing with Section 17500*) of Division 7 of the Business and Professions Code)." (Italics added.) The 1989 amendment also inserted a subdivision (c)(2) into section 1861.03, which provision is plainly inapplicable.

Legislative intent as to the 1989 amendment to section 1861.03 appears in the Historical Note under section 755. (42 West's Ann. Ins. Code, 1990

---

[4]Code of Civil Procedure section 1021.5 states in relevant part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action *which has resulted in the enforcement of an important right affecting the public interest* if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (Code Civ. Proc., § 1021.5, italics added.)

cum. pocket supp., p. 66.) The Legislature declared "the amendments of Sections . . . 1861.03 . . . proposed by this act are in furtherance of the purposes of Proposition 103 . . . by clarifying that membership organizations can continue to condition the right to apply for auto insurance on bona fide membership requirements . . . ."

In view of the above, petitioners' reliance on the 1989 amendment to section 1861.03 is without merit.

For these reasons, the trial court properly sustained the demurrer to the eighth cause of action without leave to amend.

### 2. *Plaintiffs' attack on Moradi-Shalal unavailing.*

■ Lastly, plaintiffs invite us to review *Moradi-Shalal*. In a novel argument, plaintiffs urge the Supreme Court's decision overlooked the 1987 enactment of Evidence Code section 1152, subdivision (b), which statute constitutes a legislative acknowledgement and ratification of decisional law authorizing private suits under section 790.03.

Evidence Code section 1152 provides evidence of an offer to compromise is inadmissible to prove liability. (Evid. Code § 1152, subd. (a).) Subdivision (b) thereof was added by Statutes 1987, chapter 496, section 1. It states: "In the event that evidence of an offer to compromise is admitted *in an action for* breach of the covenant of good faith and fair dealing or *violation of subdivision (h) of Section 790.03 of the Insurance Code,* then at the request of the party against whom the evidence is admitted, or at the request of the party who made the offer to compromise that was admitted, evidence relating to any other offer or counteroffer to compromise the same or substantially the same claimed loss or damage shall also be admissible for the same purpose as the initial evidence regarding settlement. Other than as may be admitted *in an action for* breach of the covenant of good faith and fair dealing or *violation of subdivision (h) of Section 790.03 of the Insurance Code,* evidence of settlement offers shall not be admitted in a motion for a new trial, in any proceeding involving an additur or remittitur, or on appeal." (Italics added.)[5]

---

[5] Our examination of the legislative purpose underlying the amendment discloses an intent to modify the Supreme Court's holding in *White* v. *Western Title Ins. Co.* (1985) 40 Cal.3d 870 [221 Cal.Rptr. 509, 710 P.2d 309]. (3d reading analysis of Sen. Bill No. 450 as amended July 9, 1987.) *White* held an offer to compromise is admissible if offered not to prove liability for the original loss but to prove failure to process a claim fairly and in good faith. (*White, supra,* at p. 887.) *White* then upheld the trial court's exclusion of a settlement offer extended after an interlocutory judgment of liability because "[o]nce the court had determined liability, defendant's willingness to make a reasonable settlement offer ha[d] little tendency to prove

*Moradi-Shalal* made express reference to Evidence Code section 1152 in its discussion of the requirement of a prior determination of liability. It observed the use of evidence of settlement would violate the prohibition on the admission of such evidence to prove the settling party's liability on the claim settled. (*Moradi-Shalal, supra,* 46 Cal.3d at pp. 311-312.)

However, despite the obvious awareness of Evidence Code section 1152, *Moradi-Shalal* declared it was free to reexamine *Royal Globe* due to the Legislature's silence in the years following that decision. *Moradi-Shalal* stated: " ' "[S]omething more than mere silence should be required before that [legislative] acquiescence is elevated into a species of implied legislation . . . ." . . . .' [I]n the present case, the Legislature may have passively acquiesced in *Royal Globe,* but it has never expressly or impliedly adopted the holding in that case. . . . [U]nder such circumstances, we are free to reexamine our prior holding." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 301.)

We are intrigued by plaintiffs' argument that the Supreme Court failed in *Moradi-Shalal* to address the 1987 amendment to Evidence Code section 1152. However, under *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], this court is bound by *Moradi-Shalal*'s overruling of *Royal Globe.*

### DISPOSITION

The alternative writ is discharged. The petition for writ of mandate is denied.

Danielson, J., and Pounders, J.,* concurred.

Petitioners' application for review by the Supreme Court was denied August 16, 1990.

---

that defendant ha[d] been acting fairly and in good faith toward its insured." (*Id.,* at p. 889, fn. 12.)

* Assigned by the Chairperson of the Judicial Council.