535 F.Supp. 1160 (1982)
SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
v.
TIFFANY INDUSTRIES, INC., et al., Defendants.
No. 81-1106C(2).
United States District Court, E. D. Missouri, E. D.
March 29, 1982.
*1161 *1162 Milton S. Gould, Martin E. Karlinsky, Shea & Gould, New York City, Mario V. Mirabelli, Shea & Gould, Washington, D. C., Lewis R. Mills, Audrey G. Fleissig, Peper, Martin, Jensen, Maichel, & Hetlage, Burton M. Greenberg, London, Greenberg & Fleming, Alan C. Kohn, Kohn, Shands, Elbert, Gianoulakis & Giljum, J. R. McEachern, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for defendants.
Theodore A. Levine, Gary Lynch, Steven M. Rosenberg, Burt M. Zurer, Securities & Exchange Com., Washington, D. C., Wesely D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

MEMORANDUM
NANGLE, District Judge.
The above case is now before this Court on the motions of defendants Abraham A. Appel and Joseph Simpkins to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both of the defendants suggest two common grounds in support of their motions to dismiss. First, defendants Appel and Simpkins contend that the Securities and Exchange Commission [hereinafter "SEC"] has failed to state a claim for injunctive relief pursuant to Section 20(b) of the Securities Act of 1933, 15 U.S.C. § 77t(b), or Section 21(d) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u(d), because it cannot reasonably be concluded from the allegations in the complaint that either defendant is engaging or is about to engage in any acts which constitute violations of the Securities Laws. The second ground for dismissal suggested by defendants Appel and Simpkins is that the complaint fails to state a claim against them for aiding and abetting Tiffany in its alleged violations of Section 13(a) of the Securities Exchange Act and Rules 13a-1, 12b-20, and 13a-13 adopted thereunder. It is the contention of the defendants that these allegations are insufficient because the SEC has failed to allege that defendants Appel or Simpkins knew that the annual or periodic reports were false or misleading.
*1163 In addition to the arguments for dismissal proposed in common by defendants Appel and Simpkins, defendant Simpkins asserts independently several additional grounds in support of his motion to dismiss. Simpkins contends that the complaint fails to state a claim against him for violations of Section 17(a)(1) of the Securities Act and Section 10(b) and Rule 10b-5 of the Securities Exchange Act because plaintiff Commission has failed to allege with sufficient particularity the circumstances surrounding the fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Furthermore, Simpkins argues that the portion of the complaint alleging that Simpkins aided and abetted Tiffany in its alleged violations of Section 13(b)(2) of the Securities Exchange Act must be dismissed because plaintiff has failed to plead that Simpkins knew that Tiffany was maintaining inaccurate books or an improper internal system of accounting controls. Finally, defendant Simpkins argues that the complaint fails to state a claim against him for the violations of Section 14(a) or Rules 14a-3 and 14a-9 of the Securities and Exchange Act because the SEC has failed to allege a violation of Rule 14a-3 or Rule 14a-9.
This case constitutes an action brought by the SEC for the purpose of securing a permanent injunction against defendants Tiffany, Kahn,[1] Simpkins, and Appel. Defendant Tiffany is a corporation incorporated under the laws of the State of Missouri, having its principal place of business in St. Louis, Missouri. Defendant Tiffany has approximately 1,250,000 shares of common stock outstanding which were registered with the SEC, pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, at all times during which the alleged violations described in the complaint took place. Defendant Appel was a Director, Vice-President, and Chief Financial Officer of Tiffany until approximately January of 1979. Prior to May of 1978 defendant Appel served as a member of the Audit Committee of Tiffany's Board of Directors. Currently, defendant Appeal is employed as a consultant by Tiffany. At all relevant times and presently, defendant Simpkins has been the Chairman of the Board of Tiffany and the beneficial owner of approximately 34% of Tiffany's common stock.
In paragraph 15 of the complaint the SEC outlines the general allegations of unlawful conduct allegedly committed by the defendants in this cause of action. SEC contends that defendants Kahn, Appel, and Tiffany singly and in concert "knowingly and recklessly, have employed and are employing devices, schemes, and artifices to defraud" in connection with the purchase and sale of securities and by means of instruments of transportation and communication in interstate commerce. In addition the SEC charges that defendants obtained money and properties by making material misstatements of facts and by omitting material facts. In accordance with this fraudulent scheme, defendants allegedly "knowingly and recklessly materially falsified the financial statements of Tiffany and materially overstated the results of its operations and financial condition." SEC asserts that defendants issued inflated reports of its financial status to the press, its stockholders, and potential purchasers of Tiffany's securities, and "filed with plaintiff Commission materially false and misleading annual and periodic reports." It is the contention of the SEC that defendants carried out this fraud "by the application of improper accounting principles to transactions and accounts of Tiffany, [and by] knowingly and recklessly materially falsif[ying] the financial statements of Tiffany." Finally, SEC alleges that defendant filed with the SEC and distributed to its shareholders, "in connection with the solicitation of proxies, materially false and misleading definitive copies of proxy statements."
In support of its general allegation of illegal conduct, the SEC outlines in detail in *1164 the remainder of the complaint the specific actions of the defendants that were in contravention of the provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. It is the contention of SEC that defendant Tiffany entered into a series of different foreign sales contracts in developing nations and employed an accounting policy for recognizing revenues from these contracts which allowed defendant to improperly inflate Tiffany's recognition of sales and earnings.[2] In addition SEC alleges that defendants filed a series of Quarterly Reports on Form 10-Q and mailed to its stockholders reports that reflected these inflated profits. The complaint describes in detail the dates that defendants filed and sent these reports, their contents, and in what respects the reports were "materially false and misleading." Finally, the SEC alleges that proxy solicitation materials mailed to Tiffany's shareholders on or about June 3, 1979 were false and misleading in their failure to "disclose material transactions involving management."
In response to this action brought by the SEC, defendants Abraham A. Appel and Joseph Simpkins have filed motions to dismiss this action for failure to state a claim upon which relief may be granted. Their first argument is that the complaint does not state a claim for injunctive relief because the SEC has failed to allege that either defendant presently is engaging in or is about to engage in any acts which constitute violations of the securities laws. The defendants do not argue that the complaint fails to allege that past violations occurred. The defendants limit their objection to the contention that an action for injunctive relief brought by the SEC, requires the Commission to allege in the complaint that defendants are participating presently in violations of the law or are about to engage in acts which constitute violations of the securities laws.
It is well established that when considering a motion to dismiss, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore a complaint will withstand a motion to dismiss even if it appears on the face of the pleadings that a recovery is very remote. Scheuer v. Rhodes, 416 U.S. at 236, 94 S.Ct. at 1686. In this particular instance SEC is seeking injunctive relief restraining the defendants from committing further violations of the securities laws. At a minimum, the plaintiff eventually must establish that a defendant is engaged or is about to engage in substantive violations of one of the Acts before injunctive relief may be granted. Aaron v. Securities Exchange Commission, 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980). However, the standard for determining whether injunctive relief is appropriate is whether the past conduct of the defendants indicates that there is a reasonable likelihood of further violations in the future. Securities Exchange Commission v. Bonastia, 614 F.2d 908 (3rd Cir. 1980); Securities Exchange Commission v. Koracorp Industries, Inc., 575 F.2d 692 (9th Cir. 1978), cert. den. sub nom. Helfat v. Securities Exchange Commission, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978); Securities Exchange Commission v. Commonwealth Chemical Securities, Inc., 574 F.2d 90 (2d Cir. 1978); Securities Exchange Commission v. Universal Major Industries Corp., 546 F.2d 1044 (2d Cir. 1976), cert. den. 434 U.S. 834, 98 S.Ct. 120, 54 L.Ed.2d 95 (1977). The factors considered by courts to make this determination, are the state of mind of the defendants, the recurrent or isolated nature of the violations, the recognition of the wrongful *1165 conduct by the defendants, the sincerity of any assurances against future violations, and finally the likelihood of future violations in light of the defendants' professional occupation. Essentially, this analysis allows a court to make a prediction of the likelihood of future violations based on an assessment of the totality of the circumstances. Securities Exchange Commission v. Bonastia, 614 F.2d at 912.
Construing the complaint in the light most favorable to plaintiff, the allegations are sufficient to indicate violations of the Act. In view of the serious allegations of illegal activity committed in the past, the contention of the defendants that plaintiff's complaint fails to state a cause of action for injunctive relief must be rejected. It is clear that the primary purpose of injunctive relief is to deter violators of the securities law from committing future violations. However, an inference may arise from past illegal conduct that future violations of the law may occur. "The fact that illegal conduct has ceased does not foreclose injunctive relief." Securities Exchange Commission v. Koracorp Industries, Inc., 575 F.2d at 698. More importantly, it must be emphasized that the defendants are urging the inappropriateness of injunctive relief in a motion to dismiss and not after a full trial on the merits. While this Court recognizes that the decision of Aaron v. Securities Exchange Commission requires the SEC to establish the existence of a threatened wrong before the imposition of injunctive relief is appropriate, the pleadings in this complaint are sufficient to withstand defendants' motions to dismiss. This Court must await further proof before it can determine whether the SEC has established that there is a reasonable likelihood that the alleged wrongs of the defendants will be repeated. Securities Exchange Commission v. Wills, [1977-78] CCH Fed.Sec.L.Rep. § 96, 102 at 81, 971-3 (D.D.C.1977). Furthermore, the issues of culpability and credibility are not issues to be resolved at the pleading stage. Mernt v. Libby, McNeill & Libby, 510 F.Supp. 366 (D.C.N.Y.1981).
The next ground for dismissal proposed by defendants Appel and Simpkins is that the SEC has failed to allege a cause of action for violations of 13(a) of the Securities Exchange Act and Rules 13a-1, 12b-20 and 13a-13, adopted thereunder, because there are no allegations in the complaint that defendants Appel and Simpkins knew the annual or periodic reports filed in violation of the statute were false or misleading. The defendants contend that in order to impose liability for aiding and abetting violations of the securities laws it is necessary to establish that the defendants had knowledge of the wrongful nature of the unlawful activities of which they are accused of aiding.
Contrary to the suggestions of the defendants, the exact contours of liability for aiding and abetting violations of the securities laws are unsettled.[3]Decker v. Securities and Exchange Commission, 631 F.2d 1380, 1387 (10th Cir. 1980). However, a number of courts have held liability should be imposed only "if the accused party had a general awareness that this role was part of an overall activity that is improper, and if the accused aider-abettor knowingly and substantially assisted the violation." Securities Exchange Commission v. Coffey, 493 F.2d 1304, 1316 (6th Cir. 1974), cert. denied 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975). For purposes of this motion, it will be assumed that an allegation of intentional conduct is necessary *1166 in order to state a claim against defendants Appel and Simpkins for aiding and abetting Tiffany in its violations of Section 13(a) of the Securities Exchange Act. It is the opinion of this Court that the SEC has alleged that the defendants knowingly and recklessly participated in the filing of annual and periodic reports, which contained false financial statements. In the complaint, the SEC asserts that defendants "have employed and are employing devices, schemes, and artifices to defraud" the shareholders of Tiffany and potential purchasers and sellers of its stock. As part of that fraudulent scheme, SEC contends that defendants filed "materially false and misleading annual and periodic reports including quarterly reports on Form 10-Q." This language clearly suggests a theory of liability resting upon intentional misconduct. Securities Exchange Commission v. Zale Corporation, 650 F.2d 718 (5th Cir. 1981). Therefore it was unnecessary for the SEC to allege specifically that defendants knew these reports were false and misleading. Based upon the same reasoning, this Court rejects the argument of defendant Simpkins that the complaint fails to state a claim against him for aiding and abetting Tiffany's alleged violations of Section 13(b)(2) of the Securities Exchange Act, because the complaint fails to allege specifically that the defendant knew that Tiffany was keeping inaccurate books and failing to maintain a system of proper internal accounting controls.
The next ground for dismissal proposed by defendant Simpkins is that the complaint fails to state a claim against him for violations of Section 17(a)(1) of the Securities Act and Section 10(b) and Rule 10b-5 of the Securities Exchange Act because the plaintiff has failed to allege the circumstances surrounding the fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The defendant asserts that he is entitled to know the facts upon which the SEC bases its conclusion that he was a party to the fraudulent schemes described in the complaint.
Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."[4] Therefore, Rule 9(b) does not require any particularity with respect to an averment of intent or knowledge as suggested by the defendant. The rule only requires the identification of the circumstances constituting fraud so that the defendant may prepare an adequate answer. Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). The reference to "circumstances" is to matters such as the time, place, and contents of the false representations. It is the pleading of these matters that apprise the defendant of the claim against him and the acts relied upon as constituting the fraud charged. 5 Wright & Miller, Federal Practice and Procedure, § 1298 p. 403-04. Rule 9 does not render the general principles of notice pleading set forth in Rule 8 entirely inapplicable. Therefore, the obligation to plead circumstance in Rule 9 should not be treated as requiring allegation of facts in the pleading. 5 Wright & Miller, Federal Practice and Procedure, § 1298 p. 409.
Applying the requirements of Rule 9(b) to cases involving violations of the securities laws, courts have concluded that mere conclusory allegations that a defendant's conduct was fraudulent or in violation of Rule 10b5 are insufficient. Courts require the allegations in a complaint to specify objectionable transactions, state the time, place and content of financial statements, identify allegedly misleading statements and the respects in which they are *1167 false or inaccurate. Helfant v. Louisiana & Southern Life Ins. Co., 82 F.R.D. 53 (E.D.N. Y.1979); Gross v. Diversified Mortgage Investors, 431 F.Supp. 1080 (S.D.N.Y.1977), affirmed 636 F.2d 1201 (2d Cir. 1980). The plaintiff's complaint clearly complies with these requirements. The SEC is not under an obligation to plead facts or specially aver the defendant's state of mind. Therefore the defendant's motion to dismiss for failure to comply with Rule 9 of the Federal Rules of Civil Procedure will be denied.
The final ground for dismissal suggested by defendant Simpkins is that the complaint fails to state a cause of action against him for the violation of Section 14(a) of the Securities Exchange Act, and Rules 14a-3 and 14a-9 promulgated thereunder. In the complaint the SEC alleges that proxy soliciting materials prepared by defendants Kahn, Simpkins, Appel and Tiffany "are materially false and misleading in that they failed to disclose material transactions involving management." The complaint then specifies particular transactions that defendants allegedly failed to include in the proxy materials. In response, Simpkins in his motion to dismiss contends that the plaintiff failed to establish a violation of Rule 14a-3 by alleging that defendants violated Rule 14a-3 by failing to "include transactions between Tiffany and its management." This argument is inapposite because the SEC alleges that defendants failed to disclose "material transactions involving management." The defendant also argues that the omissions of these transactions were not in violation of Rule 14a-9 because the omission did not render the proxy statement misleading. Rule 14a-9 provides that no solicitation shall be made by means of any proxy statement "which omits to state any material fact necessary in order to make therein not false or misleading." Construing the complaint in the light most favorable to the plaintiff it is necessary to assume for purposes of this motion to dismiss that the omissions were material.
Accordingly, the motion of defendants Simpkins and Appel to dismiss plaintiff's complaint will be denied.
NOTES
[1] Defendant Farrell Kahn consented to the entry of a Judgment of a Permanent Injunction on September 10, 1981. Mr. Kahn was a Director and President of Tiffany until approximately May 17, 1978. Defendant Kahn is the son-in-law of defendant Simpkins and is a beneficial owner of approximately 12% of Tiffany's common stock.
[2] The plaintiff describes several instances when defendant improperly recorded sales and earnings on its foreign sales contracts. For example, in May of 1974 defendant Tiffany entered into a contract with the government of Nigeria to establish and operate a farm and grain storage facility. After receipt of an advance payment, it is the contention of the SEC that defendants falsely represented to their auditors that the government agreed to continue the Nigerian contract. The SEC describes several other instances where defendants entered into foreign sales contracts and improperly recorded revenues received from those transactions.
[3] Courts have differed over the question of what state of mind is necessary for the imposition of liability for aiding and abetting violations of the securities laws. A number of courts have required the finding that the defendant knowingly assisted in the violations. A few courts have concluded that a finding of recklessness is sufficient. Decker v. Securities and Exchange Commission, 631 F.2d at 1387. In order to determine whether a particular defendant has knowledge that his actions were in furtherance of an illegal activity courts generally consider the following factors: the nature of the defendant's assistance and participation in wrongful conduct, the defendant's awareness of the illegal scheme, and the duty of the defendant to investigate or supervise. Securities Exchange Commission v. Coven, 581 F.2d 1020 (2d Cir. 1978), cert. denied 440 U.S. 950, 99 S.Ct. 1432, 59 L.Ed.2d 640 (1978).
[4] The policy behind the rule is that the additional pleading requirement will inhibit the filing of a complaint as a pretext for the discovery of unknown wrong, protect defendants from harm that might come to their reputations when charged with acts which involve moral turpitude, and finally ensure that the allegations are particularized enough so as to enable defendants to prepare an adequate defense. Gross v. Diversified Mortgage Investors, 431 F.Supp. 1080 (S.D.N.Y.1977).