[No. H005368. Sixth Dist. Apr. 20, 1989.]

INDUSTRIAL INDEMNITY COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY,
Respondent;
GEORGE W. BOOTH et al., Real Parties in Interest.

COUNSEL

Kent J. Clancy, Caryn Bortnick and Derby, Cook, Quinby & Tweedt for Petitioner.

No appearance for Respondent.

Charles B. Perkins, Flynn & Rose and Benjamin H. Scharf for Real Parties in Interest.

OPINION

PREMO, J.—This is a timely petition for a writ of mandate pursuant to Code of Civil Procedure section 437c, subdivision (*l*). We grant a peremptory writ in the first instance, holding that there are no damages available to a private litigant under Business and Professions Code section 17203, and that there is no private action under Insurance Code section 790.03, subdivision (h).[1]

---

[1] Insurance Code section 790.03 provides, in relevant part: "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. [¶] [ ] (h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices: [¶] [ ] (4) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured. [¶] (5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear. [¶] (6) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts

## FACTS

The Booths (real parties in interest) owned a mobilehome in Santa Cruz. As lot owners, they were members of the homeowners association, Montvalle of Santa Cruz, Inc., a California corporation (Montvalle). Montvalle had a policy of property and liability insurance from petitioner, Industrial Indemnity Company (Industrial Indemnity). A landslide caused mud and dirt to slide from property of Montvalle onto the lot owned by the Booths. They sued Montvalle, and that suit was defended and settled by the insurer.

In the present suit, the Booths sued Industrial Indemnity, seeking compensatory and punitive damages on a number of theories including violation of the provisions of the Business and Professions Code forbidding unfair competition (the second cause of action) and violation of their rights as a third party beneficiary of the contract of insurance, in violation of Insurance Code section 790.03, subdivision (h) (the sixth cause of action). The motion of the insurer for summary adjudication of those issues was denied, and this writ proceeding ensued.

Summary adjudication was granted to the insurer on the following other issues: the Booths had no rights as an unrelated third party under Insurance Code section 790.03, subdivision (h) (the first cause of action); the Booths had no claim for breach of contract (the third cause of action); the Booths had no claim for breach of the implied covenant of good faith and fair dealing (the fourth cause of action); and the Booths had no claim for breach of fiduciary duty (the fifth cause of action). The contract claims were rejected on the theory that a release given in the earlier lawsuit by the Booths against Montvalle barred them. We are not asked to review these points in the present proceeding.

## DISCUSSION

### 1. *Damages Under Business and Professions Code Section 17200 et seq.*

The issue was presented below, and is presented here, as one of law. ■ Industrial Indemnity claims that a private litigant is allowed only injunctive relief and not damages under the unfair competition laws. The trial court disagreed, finding that the weight of authority is to the

---

ultimately recovered in actions brought by such insureds, when such insureds have made claims for amounts reasonably similar to the amounts ultimately recovered. [¶ [ ] (13) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement."

contrary. We agree with Industrial Indemnity for reasons which we shall state below.

Business and Professions Code section 17203 provides explicitly for injunctive relief and restitution: "Any person performing or proposing to perform an act of unfair competition within this state may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

In *Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 875 [127 Cal.Rptr. 110, 544 P.2d 1310], the Supreme Court held explicitly that a private person could not recover damages under Business and Professions Code section 17535 (in the chapter relating to false and misleading statements). That section provides, in relevant part: "Any person . . . [who] violates or proposes to violate this chapter may be enjoined by any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person . . . of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful."

The two sections are very similar in wording, relate to similar subjects and are both derived from former Civil Code section 3369. We agree with the United States Court of Appeals, Ninth Circuit, that what the California Supreme Court held in *Chern* to be true of Business and Professions Code section 17535 must also be true of Business and Professions Code section 17203. (*Kates* v. *Crocker Nat. Bank* (9th Cir. 1985) 776 F.2d 1396, 1398; see also *Newport Components* v. *NEC Home Electronics* (C.D.Cal. 1987) 671 F.Supp. 1525, 1550-1551.)

The cases cited by the Booths do not compel a contrary result. It is true that in *Committee on Children's Television, Inc.* v. *General Foods Corp.* (1983) 35 Cal.3d 197, 215 [197 Cal.Rptr. 783, 673 P.2d 660], the court said that it was not deciding whether or not there were damages available to a private litigant under Business and Professions Code section 17203. It referred to *Chern* and to *United Farm Workers of America* v. *Superior Court* (1975) 47 Cal.App.3d 334 [120 Cal.Rptr. 904]. In the latter case, a cause of action for damages was allowed. However, the theory was that the existence of a penal or regulatory statute made for the benefit of the class of consum-

ers gave the members of that class a right to sue in tort. Even if that principle retains some validity in other areas of law, it can have none in the present context after the decision of the Supreme Court in *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58]. As the parties here agree, a private right of action to many members of the class of consumers for whose benefit section 790.03, subdivision (h), of the Insurance Code was enacted does not exist after that decision.

### 2. *Third Party Beneficiary Rights Under Insurance Code Section 790.03, Subdivision (h)*

■ The Booths claim that, on the special facts of the case, they are third party beneficiaries (intended rather than incidental beneficiaries) under the contract of insurance between Montvalle and Industrial Indemnity, and that they therefore have the same rights under Insurance Code section 790.03, subdivision (h), as a named insured. Even if both those premises are true, a point which we need not decide, the Booths have no right of action in the circumstances of this case.

The trial court has decided that all rights under the contract have been waived by the release given in settlement of the earlier action and that the implied covenant cannot be enforced by a third party beneficiary. We are not asked to review those holdings. ■ Moreover, Insurance Code section 790.03, subdivision (h), creates no right of private action for anyone, whether an insured or not. (*Moradi-Shalal, supra,* 46 Cal.3d 287.) For an insured, this usually does not matter. Insurance Code section 790.03, subdivision (h), did not set new standards for insurance companies, but gave statutory expression to existing common law standards of decency toward the insured, so if the prohibitions of the statute have been violated then there will usually be an action under the contract and perhaps also one under the implied covenant of good faith and fair dealing. ■ Thus, if both the contract claims and the claim under the implied covenant have been rejected, there can be no separate surviving cause of action under Insurance Code section 790.03, subdivision (h).

### DISPOSITION

Real parties in interest have been notified that a peremptory writ in the first instance could be issued here, and they have filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue, directing the Santa Cruz County Superior Court to vacate its order denying summary adjudication of the issues specified by Industrial Indemnity in its notice of motion relating to the second and sixth causes of action and to enter a different order granting summary adjudication of those issues.

We vacate the order made on February 28, 1989, for a temporary stay.

Petitioner is awarded its costs.

Brauer, Acting P. J., and Capaccioli, J., concurred.