742 F.Supp. 1043 (1990)
Oliver BURT, Jr. on Behalf of McDONNELL DOUGLAS CORP., Plaintiff,
v.
William H. DANFORTH, et al., Defendants.
No. 89-1276C(1).
United States District Court, E.D. Missouri, E.D.
July 12, 1990.
*1044 *1045 Michael McCabe, Alan Schulman, William Lerach, Milberg, Weiss, Bershad, Specthrie & Lerach, San Diego, Cal., Richard Kilsheimer, Kaplan & Kilsheimer, New York City, Mark Hirschfeld, Clayton, Mo., for plaintiff.
Henry Rossbacher, Sullivan, Walsh, Rossbacher & Wood, Los Angeles, Cal., Veryl Riddle, Bryan, Cave, McPheeters & McRoberts, Michael Skinner, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Mo., William Conkle, Conkle & Olesten, Los Angeles, Cal., Kenneth Heininger, McDonnell Douglas Corp., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiff, a citizen of South Carolina and a minority shareholder in McDonnell Douglas Corporation ("McDonnell Douglas"), originally filed this stockholder derivative action on behalf and for the benefit of McDonnell Douglas in the Superior Court of the State of California in Los Angeles County. Plaintiff's original complaint named as defendants the individual directors and officers of McDonnell Douglas' Board of Directors, government officials, former government officials, defense consultants and "Does 1 through 200, inclusive". McDonnell Douglas Corporation was also named as a nominal defendant. Two of the government officials removed the action to the United States District Court for the Central District of California on the basis of 28 U.S.C. §§ 1441, 1442 and 1442a. Subsequently, Judge Ronald S.W. Lew of the United States District Court for the Central District of California dismissed Deputy Assistant Air Force Secretary Victor D. Cohen as a defendant, without prejudice, pursuant to Rule 12(b)(6) Fed.R.Civ.P. In addition, Judge Lew found that California's courts lacked personal jurisdiction over a number of McDonnell Douglas' corporate officers and directors and that of the thirty-nine named defendants, only five had significant California connections. For these reasons and because Judge Lew *1046 found that the bulk of evidence, witnesses and defendants were located in Missouri, this matter was transferred to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404. Plaintiff has subsequently dismissed his claims against the remaining government official and defense consultant defendants. This matter is now before the Court on defendants' various motions to dismiss plaintiff's complaint.
Plaintiff's complaint alleges intentional breach of fiduciary duties (Count I), negligent breach of fiduciary duties (Count II), violations of the California Corporations Code Section 2216 (Count III) and violations of the California Business and Professions Code Sections 17200-17208 (Count IV). Defendants, including nominal defendant McDonnell Douglas, have filed motions to dismiss for plaintiff's failure to comply with Rule 23.1 in failing to make a demand upon McDonnell Douglas' Board of Directors to take corrective action prior to the filing of this lawsuit. The director defendants also move to dismiss all counts of plaintiff's complaint on the basis that they fail to state a claim upon which relief can be granted. The Court will discuss each of defendants' motions separately.

Prior Demand Under Rule 23.1
Rule 23.1 of the Federal Rules of Civil Procedure provides in pertinent part:
In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and allege ... with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. (emphasis added.)
Plaintiff devotes five pages of his complaint to "derivative allegations" for the purpose of complying with Rule 23.1. The bulk of these allegations are committed to plaintiff's reasons for failing to make a prior demand on the McDonnell Douglas Board of Directors ("the Board") and allegations in support of plaintiff's conclusion that such a demand would have been futile. Nonetheless, defendants argue that plaintiff's lengthy allegations with regard to futility are conclusory and that they fail to state sufficient grounds for making a prior demand under federal and state law.
As a threshold matter, this Court must first resolve the parties' dispute with respect to what law governs this issue. The "if necessary" requirement in Rule 23.1 means "that the necessity of making a demand on the shareholders or members should be governed by the applicable state law." Allright Missouri, Inc. v. Billeter, 829 F.2d 631, 639 (8th Cir.1987). Defendants argue that this Court can look either to federal law to determine whether plaintiff's pleading of futility comports with Rule 23.1, or to the law of Maryland, McDonnell Douglas' state of incorporation. Plaintiff argues that the law of California controls this issue. In addition, plaintiff argues that under Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), this Court must apply California choice-of-law principles to determine what forum's law controls.
Generally, a federal court sitting in diversity applies the choice-of-law rules of the forum state. Potter v. St. Louis-San Francisco Ry. Co., 622 F.2d 979, 981 (8th Cir.1980); Buck v. American States Life Ins. Co., 723 F.Supp. 155, 156 (E.D.Mo. 1989). Nonetheless, in Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the United States Supreme Court held that where a defendant successfully transfers a case that has been properly brought in the original district to another district pursuant to § 1404(a), the choice-of-law rules of the transferor district must be applied. Federal courts, however, have consistently found that when a case is transferred due to a defect in venue or personal jurisdiction, Van Dusen is inapplicable, and the choice-of-law rules of the forum court must be applied. See, e.g., *1047 Manley v. Engram, 755 F.2d 1463, 1467 and n. 10 (11th Cir.1985); Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 991-92 (11th Cir. 1982); Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1108, 1110 (5th Cir.1981). In the case at bar, Judge Lew specifically found that personal jurisdiction was lacking with respect to numerous defendants. Thus, this case was not "properly brought" in the Central District of California, and Van Dusen does not apply. Accordingly, this Court will apply Missouri's choice-of-law rules in determining what state's law controls in this case.
With respect to the question of whether plaintiff should be excused from making a prior demand on the Board, Missouri courts have held that the law of the state of incorporation must be applied to breach of fiduciary duty claims against corporate officers. See Ranch Hand Foods v. Polar Pak Foods, Inc., 690 S.W.2d 437, 444 (Mo.App.1985) citing St. Louis Union Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 562 F.2d 1040, 1054 (8th Cir.1977), and Restatement (Second) of Conflict of Laws § 309. Therefore, because McDonnell Douglas is a Maryland corporation, the law of Maryland will be applied to determine whether plaintiff offers sufficient reasons to excuse his failure to make a prior demand on the Board.[1] Furthermore, while federal law may be instructive in determining whether plaintiff states grounds excusing a prior demand on the Board, it only controls with regard to whether plaintiff has alleged such grounds with sufficient particularity in accordance with Rule 23.1. See, e.g., Starrels v. First National Bank of Chicago, 870 F.2d 1168, 1170-1171 (7th Cir.1989).
Maryland courts have held that the prior demand requirement "must be applied in a practical, common-sense manner." McQuillen v. National Cash Register Co., 22 F.Supp. 867, 874 (D.Md.1938). No prior demand is required when it would be futile. Parish v. Maryland and Virginia Milk Producers Association, 250 Md. 24, 242 A.2d 512, 544 (App.1968); Eisler v. Eastern States Corp., 182 Md. 329, 35 A.2d 118, 119 (1943). When the directors' prosecution of a plaintiff's claims would result in the directors' prosecuting themselves, an appeal to the directors would clearly be futile. Id.; see also, Parish, 242 A.2d at 545. In such a situation, the directors' interests are "antagonistic" to those of the plaintiff. McQuillen, 22 F.Supp. at 874. Similarly, where a majority of the board of directors is charged with actively participating in the wrongdoing, demand is excused. Zimmerman v. Bell, 585 F.Supp. 512 (D.Md.1984); Parish, 242 A.2d at 545, citing 13 Fletcher, Cyclopedia of Corporations, § 5965 at p. 471. Finally, if the wrong alleged in a derivative action could not have been ratified by a majority of the stockholders, as in the case of fraud, prior demand upon the stockholders is excused. Parish, 242 A.2d at 546, citing 16 Am. Jur.2d Corporations, § 542, pp. 78-79.
In contrast, federal courts have consistently held that merely naming the entire board of directors as defendants is insufficient, in and of itself, to excuse demand under Rule 23.1. See Lewis v. Graves, 701 F.2d 245, 248 (2d Cir.1983); Lewis v. Curtis, 671 F.2d 779, 784-85 (3rd Cir.1982); Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1210 (9th Cir.1980); In re Kauffman Mutual Fund Actions, 479 F.2d 257, 265 (1st Cir.1973); Matter of Consumers Power Co. Derivative Litigation, 111 F.R.D. 419, 421 and 426 (E.D. Mich.1986); Lewis v. Sporck, 612 F.Supp. 1316, 1322 (N.D.Cal.1985). The board's mere approval or acquiescence to the challenged conduct does not establish futility. See, e.g., Lewis v. Graves, 701 F.2d at 248; Lewis v. Curtis, 671 F.2d at 785; Greenspun, *1048 634 F.2d at 1210; In re Kauffman, 479 F.2d at 264-65. Rather, bias or self-interest on the part of the board must be suggested. See, e.g., Lewis v. Graves, 701 F.2d at 248; Lewis v. Curtis, 671 F.2d at 785; In re Kauffman, 479 F.2d at 264-65; With respect to the "particularity" requirements of Rule 23.1, "it is clear that the `particularity' must appear in the pleading itself; the stockholder may not plead in general terms, hoping that, by discovery or otherwise he can later establish a case." In re Kauffman, 479 F.2d at 263. See also, Lewis v. Curtis, 671 F.2d at 784.
In the instant case, plaintiff's complaint contains 39 pages of factual allegations. To summarize, the complaint alleges that a substantial amount of McDonnell Douglas' revenues come from defense contract work. Plaintiff states that defendants have acted in concert with and/or aided and abetted agents of the corporation, other present and former corporate officers, United States Defense Department employees and defense consultants in violating federal law and Defense Department regulations. Plaintiff specifies several Defense Department projects for which McDonnell Douglas allegedly fraudulently over-charged the United States government. Plaintiff also alleges that defendants, along with defense consultants and Defense Department employees, permitted or assisted McDonnell Douglas in illegally obtaining secret United States Defense Department information relating to defense contracts and defense procurement activities by paying bribes and making gifts to government employees. Plaintiff claims that McDonnell Douglas has been damaged by these activities by: (1) being subjected to disadvantageous contract terms in all of its government contracts; (2) incurring fines, to date, of $1.8 million; (3) incurring legal expenses from investigations, legal proceedings and pending lawsuits; (4) having wasted corporate assets on bribes and gratuities; (5) the resulting injury to its goodwill and corporate name.
Plaintiff states at paragraph 24 of his complaint that a demand on the Board would be futile because: (1) the entire Board participated in the alleged wrongs; (2) the alleged actions are illegal and, therefore, incapable of ratification by the stockholders; (3) the principal wrongdoers and beneficiaries of the wrongdoing dominate and control the Board; (4) despite significant penalties levied by the United States and pending lawsuits, the Board has taken no legal action against the defendants who are directly responsible for wrongdoing; (5) the Board has issued public statements denying wrongdoing; (6) defendants J.F. McDonnell, J.S. McDonnell and S. McDonnell are the "top directors and officers" of the corporation, control 3 million shares of common stock; and they control the Board; (7) the Board controls 26.6% of the corporation's outstanding common stock, the largest block of stock ownership; (8) to bring the actions set forth in plaintiff's complaint, the Board would be required to sue itself; (9) the Board members are paid and receive benefits by virtue of their Board membership, and they have, therefore, benefitted from the alleged wrongdoing; (10) the Board has previously recommended approving an amendment to the corporation's certificate of incorporation under which individual directors would not be held personally liable for negligent breaches of fiduciary duty.
Plaintiff's allegations of domination and control by the McDonnells, stock control by the Board and benefits to the Board from the alleged wrongdoing are clearly conclusory and fail to comply with the requirements of either federal law or Maryland law. The same is true of plaintiff's allegations regarding the Board's proposed amendment to the corporation's certificate of incorporation. The remainder of plaintiff's futility allegations, however, focus on the fact that plaintiff has alleged that the entire Board has been engaged in a conspiracy to violate federal laws and Defense Department regulations. Thus, plaintiff suggests a situation where the Board would have to sue itself for engaging in illegal activity. As such, according to Maryland law, plaintiff has provided sufficient reasons excusing a prior demand on the Board. In addition, insofar as plaintiff alleges illegal conduct, the shareholders *1049 could not ratify the Board's activities, and demand against the shareholders is, likewise, excused under Maryland law. Although plaintiff's allegations would clearly not suffice in a federal context, this Court believes that the law of Maryland must control in this instance. Furthermore, although plaintiff's allegations of wrongdoing remain unproven, the circumstances and events that he relies upon to support futility are set forth in great detail. This Court does not understand Rule 23.1 as requiring proof of plaintiff's substantive allegations of wrongdoing in order to satisfy the particularity requirement. Accordingly, defendants' motions to dismiss for failure to make a prior demand pursuant to Rule 23.1 will be denied.

Count I
Count I of plaintiff's complaint alleges that defendants intentionally and/or recklessly breached their fiduciary duties by conspiring to conduct business in an unlawful manner and intentionally failing to provide internal financial and accounting controls in order to facilitate and conceal their unlawful activities. Plaintiff further alleges that in furtherance of their scheme, defendants: (1) issued false and fraudulent reports to shareholders and other persons in violation of section 2254 of the California Corporations Code; (2) falsified, altered, etc., books and papers, etc., of the corporation in violation of section 2255 of the California Corporations Code. Plaintiff also alleges that defendants are liable jointly and severally for damages resulting from the aforementioned acts pursuant to section 1507 of the California Corporations Code. Defendants move to dismiss Count I on the grounds that plaintiff fails to plead fraud with sufficient specificity and that plaintiff's remaining common law claims for breach of fiduciary duty do not state a claim under Maryland law. Defendants also argue that §§ 2254, 2255 and 1507 of the California Corporations Code do not apply to this civil action.
Sections 102(a) and 162 of the California Corporations Code indicate that the provisions of said code do not apply to foreign corporations unless a particular provision expressly states otherwise. None of the provisions that plaintiff cites apply, on their face, to foreign corporations. Furthermore, sections 2254 and 2255 of the California Corporations Code are criminal statutes, and plaintiff fails to offer a single case indicating that they provide a private cause of action. Indeed, in his reply to defendants' motions to dismiss, plaintiff does not dispute that these California statutes are inapplicable to the instant civil action, but, rather, suggests that they are "an expression of the high standards to which California holds such fiduciaries." This Court has already concluded, however, that Maryland law determines the duties of defendants and rights of plaintiff in this case. Accordingly, plaintiff's claims under §§ 2254, 2255 and 1507 will be dismissed.
With respect to plaintiff's common law claims, Maryland courts are hesitant to interfere with the internal management of a corporation at the request of a minority stockholder. Mountain Manor Realty, Inc. v. Buccheri, 55 Md.App. 185, 461 A.2d 45, 51 (Md.Spec.App.1983); Parish v. Maryland & Virginia Milk Producers Ass'n, 261 Md. 618, 277 A.2d 19, 48 (App.1971); Parish v. Maryland & Virginia Milk Producers Ass'n, 250 Md. 24, 242 A.2d 512, 540 (1968). "The conduct of the corporation's affairs [is] placed in the hands of the board of directors and if majority of the board properly exercises its business judgment, the directors are not ordinarily liable." Parish, 242 A.2d at 540. "The key word, of course, is `properly'". Mountain Manor Realty, 461 A.2d at 51. Therefore, a court can inquire as to whether the directors abided by the "relevant ground rules" in making their decisions. Id. Accordingly, Maryland courts have held that "directors will be held liable if they permit the funds of the corporation to be lost or wasted by their gross or culpable negligence". Parish, 242 A.2d at 540. Furthermore, when the directors' conduct is ultra vires, fraudulent or illegal, they may be held liable for their actions. McQuillen v. National Cash Register Co., 112 F.2d 877, 883 (4th Cir.1940). See also Mountain *1050 Manor Realty, 461 A.2d at 51; Parish, 242 A.2d at 541.
Plaintiff's claim of intentional breach of fiduciary duties is based on alternative theories. Plaintiff alleges that defendants either: (1) knew of the illegal activities, participated in or acquiesced to them, and concealed the activities by manipulating various corporate documents and internal financial and accounting controls; or (2) they were so lax in establishing internal accounting and financial controls to detect and prevent such activity that their behavior constitutes recklessness. Plaintiff's first theory states a claim for relief under Maryland law. It suggests fraud and illegal activities by the directors, which is sufficient to overcome the presumption that courts will defer to the decisions of a board of directors. Plaintiff's second theory is, likewise, cognizable under Maryland law. Plaintiff specifically sets forth the defendants' responsibilities with regard to maintaining internal controls. Plaintiff's Complaint (hereinafter "Complaint") para. 13. In addition, plaintiff alleges that defendants' failure to establish sufficient internal controls constitutes reckless or culpable behavior. Complaint, para. 46 and 51. Thus, in accordance with Maryland law, plaintiff pleads gross or culpable negligence. Whether plaintiff can support these allegations at trial or on a motion for summary judgment has yet to be established. This court cannot conclude, however, that it is "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Therefore, this Court must conclude that plaintiff states a claim for relief under Maryland law.
With respect to defendants' argument that Count I of plaintiff's complaint fails to satisfy the pleading requirements of Rule 9(b) Fed.R.Civ.P., Rule 9(b) provides:
(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
This rule is meant to "inhibit the filing of a complaint as a pretext for the discovery of unknown wrong, protect defendants from harm that might come to their reputations when charged with acts which involve moral turpitude, and finally ensure that the allegations are particularized enough to enable defendants to prepare an adequate defense." Securities and Exchange Commission v. Tiffany Industries, Inc., 535 F.Supp. 1160, 1166 (E.D.Mo.1982), citing Gross v. Diversified Mortgage Investors, 431 F.Supp. 1080 (S.D.N.Y.1977). Rule 9(b) does not, however, render the general notice-pleading requirements of the Federal Rules of Civil Procedure entirely inapplicable to pleadings alleging fraud. 5 Wright & Miller, Federal Practice and Procedure, § 1298 p. 617. The rule's reference to "circumstances" does not require allegations of fact pleading, but, rather, generally the time, place and contents of any misrepresentations. Tiffany Industries, 535 F.Supp. at 1166; 5 Wright & Miller, § 1297 p. 590. Generally a pleader who asserts that third persons have been defrauded is not required to detail his claim with great particularity. 5 Wright & Miller, § 1298 pp. 645-46. In stockholder derivative actions, however, courts insist on a "reasonably high level of specificity" to insure that the action has merit. Id. Still, complaining stockholders need not specify facts that are peculiarly within the opposing party's knowledge, In re Craftmatic Securities Litigation, 890 F.2d 628 (3d Cir.1989); Wool v. Tandem Computers Inc., 818 F.2d 1433, 1439 (9th Cir.1987); Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374, 379 (2d Cir.1974); Duane v. Altenburg, 297 F.2d 515, 518 (7th Cir.1962); 5 Wright & Miller, § 1298 pp. 655-57, and more general allegations will suffice as long as an attempt is made to comply with Rule 9(b) and the allegations are accompanied by a statement of the grounds on which the stockholder's belief rests. In re Craftmatic, 890 F.2d at 644-45; Schlick, 507 F.2d at 379; Robison v. Caster, 356 F.2d 924 (7th Cir.1966); Duane v. Altenburg, 297 F.2d 515, 518 (7th *1051 Cir.1962). 5 Wright & Miller § 1298 pp. 658-69. No single concern controls whether a pleading meets the requirements of Rule 9(b), but, rather, the Eighth Circuit has observed:
[T]he sufficiency of a pleading must largely depend upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading.
Payne v. United States, 247 F.2d 481, 486 (8th Cir.1957), quoting 1 Barron and Holtzoff, Federal Practice and Procedure, § 302 p. 593.
Plaintiff's theory of reckless or culpable neglect does not involve fraud, and the Court will, therefore, not apply the requirements of Rule 9(b) to plaintiff's pleadings alleging this theory. Accordingly, defendants' motions to dismiss will be denied with respect to plaintiff's claims of gross or culpable negligence. As the Court notes above, however, plaintiff's first theory of liability under Count I is based upon allegations of fraud. Indeed, it would not be cognizable but for plaintiff's allegations of fraud. Thus, although plaintiff's claims are formally cast in terms of breach of fiduciary duty, the pleading requirements of Rule 9(b) are no less applicable to plaintiff's allegations of intentional wrongdoing. Robison v. Caster, 356 F.2d 924, 925 (7th Cir.1966). Therefore, this Court must determine whether plaintiff's allegations of intentional wrongdoing comport with Rule 9(b).
Plaintiff's complaint sets forth the specific contracts and defense department projects in which illegal activities by defendants or their "agents" allegedly occurred. Complaint, para. 26-29. Plaintiff also specifies the nature of the alleged illegal actions with respect to each defense department contract or project and specifically names government officials or employees who were involved in wrongdoing. Complaint, para. 26-29, 32, 33, 35, 36-40, 44, 45. In addition, plaintiff alleges that defendants possessed the power, opportunity and motive to engage in the alleged wrongdoing. Complaint, para. 15-17. Plaintiff's remaining allegations are more conclusory. Throughout his complaint, plaintiff only generally avers that defendants were directly involved in wrongdoing or aided, abetted, acquiesced or conspired in wrongdoing. In addition, plaintiff only generally avers his claim of conspiracy to conceal wrongdoing. Complaint para. 18 and 45. Likewise, plaintiff's allegations of mail and wire fraud and false proxy statements omit any reference to specific documents or misrepresentations. Complaint para. 19 and 44.
It is clear that plaintiff's allegations of mail and wire fraud, false proxy statements, violations of the Foreign Corrupt Practices Act and defendants' conspiracy to conceal wrongdoing are wholly insufficient under Rule 9(b). These allegations will, therefore, be stricken from plaintiff's complaint. This Court finds, however, that plaintiff's remaining allegations of illegal and fraudulent activities comport with the requirements of Rule 9(b). Plaintiff's complaint contains reasonably specific allegations of the time and nature of the alleged wrongful acts to enable defendants to prepare an adequate defense. The allegations are narrowed to specific defense department projects, and the nature of the fraud that occurred with respect to each project. Furthermore, plaintiff specifically names the government officials through which defendants allegedly misappropriated confidential government information. Although plaintiff fails to allege the exact nature of defendants' concerted activity, he specifically describes the transactions in question and sets forth sufficient background information and circumstantial detail to satisfy Rule 9(b). See, e.g., Jackson v. First Federal Savings of Arkansas, 709 F.Supp. 863, 878-879 (E.D.Ark.1988). Therefore, defendants' motions to dismiss will be denied with respect to plaintiff's allegations of fraud and illegal activity.

Count II
Count II of plaintiff's complaint alleges that defendants negligently breached *1052 their fiduciary duties by failing to establish internal controls to prevent the unlawful activities. Under Maryland law, corporate directors are not liable for ordinary negligence, but only gross negligence. McQuillen v. National Cash Register Co., 112 F.2d 877, 883 (4th Cir.1940); Mountain Manor Realty, Inc. v. Buccheri, 55 Md. App. 185, 461 A.2d 45, 51 (Md.Spec.App. 1983); Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc., 275 Md. 295, 340 A.2d 225, 236 (1975); Parish v. Maryland & Virginia Milk Producers Ass'n, 261 Md. 618, 277 A.2d 19, 48 (App.1971); Parish v. Maryland & Virginia Milk Producers Ass'n, 250 Md. 24, 242 A.2d 512, 540 (1968). Count II of plaintiff's complaint is not cast in terms of gross negligence, and any such claim would be repetitive in light of the allegations in Count I. Accordingly, defendants' motions to dismiss Count II of plaintiff's complaint will be granted.

Count III
Count III of plaintiff's complaint alleges that defendants have violated Section 2116 of the California Corporations Code. Section 2116 provides in pertinent part:
The directors of a foreign corporation transacting intrastate business are liable to the corporation, its shareholders, creditors, receiver, liquidator, or trustee in bankruptcy for the making of unauthorized dividends, purchase of shares or distributing of assets or a false certificate, reports or public notices or other violation of official duty according to any applicable laws of the state or place of incorporation or organization, whether committed or done in this state or elsewhere. Such liability may be enforced in the courts of this state.
Cal.Corp.Code § 2116 (West 1977) (emphasis added). Plaintiff argues that this provision imposes the duties and obligations of California corporations on foreign corporations that are transacting business in California and, therefore, provides an independent cause of action against defendants under California law.
This Court, however, finds that § 2116 imposes no new or additional burden on foreign corporations transacting business in California. The unmistakable purpose of this provision is to empower California courts to enforce the duties and obligations imposed on a foreign corporations by said corporation's state of incorporation. See Pratt v. Robert S. Odell, 49 Cal.App.2d 550, 560, 122 P.2d 684 (1942). Thus, § 2116 is merely an enabling statute, providing a California forum for enforcing the laws of another state. See 3 Marsh, California Corporation Law, § 25.17, p. 235 (2d ed. 1988). As such, § 2116 creates no substantive rights or independent cause of action. Accordingly, defendants' motions to dismiss Count III of plaintiff's complaint will be granted.

Count IV
Count IV of plaintiff's complaint alleges that defendants have engaged in unlawful, unfair and fraudulent business practices. Plaintiff therefore seeks restoration of losses, costs and expenses that McDonnell Douglas has incurred from said acts and restoration of all renumeration that the corporation has paid to defendants, pursuant to § 17203 of the California Business and Professions Code. Section 17203 of the California Business and Professions Code provides in pertinent part:
Any person performing or proposing to perform an act of unfair competition within this state may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments ... as may be necessary to prevent the use or employment ... of any practice which constitutes unfair competition ... or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.
Section 17204 of the California Business and Professions Code provides in pertinent part:
Actions for injunction pursuant to this chapter may be prosecuted by the Attorney General or any district attorney or any city attorney ..., by a city prosecutor *1053 ... or by any person acting for the interest of itself, its members or the general public.
In Industrial Indemnity Co. v. Santa Cruz County Superior Court, 209 Cal. App.3d 1093, 257 Cal.Rptr. 655 (1989), the Court of Appeal of California specifically held that § 17203 does not provide a cause of action for damages to private litigants. Industrial Indemnity Co., 257 Cal.Rptr. at 657. The court noted that in Chern v. Bank of America, 15 Cal.3d 866, 127 Cal. Rptr. 110, 544 P.2d 1310 (1976) (en banc), California's Supreme Court found that § 17535 of the Business and Professions Code, a provision very similar to § 17203,[2] does not permit a private person to recover damages. The court concluded that what the California Supreme Court held in Chern to be true of § 17535 must also be true of § 17203. Industrial Indemnity Co., 257 Cal.Rptr. at 657, citing Kates v. Crocker Nat. Bank, 776 F.2d 1396, 1398 (9th Cir.1985), and Newport Components v. NEC Home Electronics, 671 F.Supp. 1525, 1550-1551 (C.D.Cal.1987).
Plaintiff, however, seeks to avoid the rule set forth in Industrial Indemnity Co. by characterizing his action as one for "restitutionary relief". California courts have found that restitution is available to private litigants under § 17535. Meta-Film Associates, Inc. v. MCA, Inc., 586 F.Supp. 1346, 1363 (C.D.Cal.1984); Fletcher v. Security Pacific National Bank, 23 Cal.3d 442, 153 Cal.Rptr. 28, 591 P.2d 51 (1979). Thus, by analogy to § 17535, restitution has been found to be available to private litigants under § 17203 as well. Newport Components v. NEC Home Electronics, 671 F.Supp. at 1551. See also, Dean Witter Reynolds v. Superior Court, 211 Cal. App.3d 758, 259 Cal.Rptr. 789 (1989). Therefore, plaintiff argues that his complaint properly requests restitutionary relief and that he is, therefore, entitled to pursue his claim under § 17203.
This Court concludes, however, that plaintiff is not entitled to seek a monetary award pursuant to § 17203 because: (1) plaintiff is not a member of the class for whose benefit the statute was enacted; (2) plaintiff seeks traditional compensatory damages rather than restitution; and (3) any remuneration that the individual Board members received cannot be said to have been "acquired by" means of unfair competition. In order for plaintiff to qualify for restitution under § 17203, he must be a member of the class for whose benefit the statute was enacted. Industrial Indemnity Co., 257 Cal.Rptr. at 657, citing United Farm Workers of America v. Superior Court, 47 Cal.App.3d 334, 120 Cal.Rptr. 904 (1975). California courts have consistently held that § 17203 is meant to protect customers as well as business competitors. Perdue v. Crocker National Bank, 38 Cal.3d 913, 216 Cal.Rptr. 345, 702 P.2d 503, 514 (1985) (en banc); Stoiber v. Honeychuck, 101 Cal.App.3d 903, 162 Cal.Rptr. 194 (1980); Barquis v. Merchants Collection Ass'n, 7 Cal.3d 94, 110, 101 Cal.Rptr. 745, 496 P.2d 817 (1972) (en banc). Plaintiff is not a competitor of McDonnell Douglas; nor is he a "customer" as that term is commonly understood. In fact, as a shareholder of McDonnell Douglas, plaintiff would normally benefit from any business advantage that the corporation gained through "unfair competition." Thus, plaintiff does not fall within the class of individuals that the statute was meant to protect, and he cannot, therefore, bring a private action for monetary relief under § 17203.
Furthermore, although plaintiff asserts that his prayer for restoration of all losses, costs and expenses incurred by McDonnell Douglas is actually a claim for restitution, it is clear that plaintiff seeks compensatory damages in the most traditional sense rather *1054 than equitable relief. See generally, Dean Witter Reynolds, 259 Cal.Rptr. at 799 and cases cited therein. Nor does plaintiff's prayer for restoration of all remuneration paid to the individual Board members constitute a request for restitution. The aim of restitution is to return money or property that has been illegally acquired to prevent unjust enrichment. See generally, Restatement of Restitution, § 3, comment (a), § 128 and § 190 (1937). Indeed, § 17203 permits a court to order the restoration of any money or property "which may have been acquired by means of such unfair competition." Any remuneration that the individual Board members received for their services to McDonnell Douglas, however, was not acquired by means of their alleged fraudulent overcharges or by obtaining secret government information or paying bribes to government officials. On the contrary, the individual Board members were paid for their service on the Board, independent of any of these alleged activities. Hence, whether a traditional definition of "restitution" is employed or the language of the statute itself, plaintiff's complaint does not seek restitution, but, rather, compensatory damages, which are not recoverable by private parties under § 17203. Dean Witter Reynolds, 259 Cal.Rptr. at 799.
Accordingly, and for the foregoing reasons, defendants' motions to dismiss Count IV of plaintiff's complaint will be granted.

Interlocutory Appeal
The choice-of-law issues involved in resolving the parties' disputes with regard to Rule 23.1, Count I and Count II are quite significant in this case. Because this Court concludes herein that Maryland law controls with respect to the question of prior demand rather than California or federal law, defendants will undoubtedly be subjected to extensive and intrusive discovery demands. In addition, the application of Maryland law significantly restricts the nature of plaintiff's claims under Count I and has led to the dismissal of Count II of plaintiff's complaint. This Court feels that there is substantial ground for difference of opinion with respect to these issues. Furthermore, a different resolution of these issues could obviate the need for a trial or, if they were resolved differently on a post-trial appeal, necessitate a new trial. Therefore, this Court believes that an appeal at this juncture may materially advance the ultimate termination of this litigation. Accordingly, this Court will certify the issues resolved herein, particularly the choice-of-law issues and the question of whether Maryland or federal law must be applied under Rule 23.1, for an immediate appeal pursuant to 28 U.S.C. § 1292(b). In addition, this matter will be stayed in all respects during the pendency of said appeal.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motions to dismiss plaintiff's complaint for failure to make a prior demand on McDonnell Douglas' directors and shareholders be and are denied.
IT IS FURTHER ORDERED that defendants' motions to dismiss Count I of plaintiff's complaint be and are granted in part and denied in part as follows:
(1) Plaintiff's claims under §§ 2254, 2255 and 1507 of the California Corporations Code are hereby dismissed.
(2) Defendants' motions to dismiss for failure to comply with Rule 9(b) Fed. R.Civ.P. are granted with respect to plaintiff's allegations regarding mail and wire fraud, false proxy statements, violations of the Foreign Corrupt Practices Act and defendants' conspiracy to conceal their wrongdoing through the manipulation of corporate records and documents, and all allegations in plaintiff's complaint regarding said matters are hereby stricken.
(3) Defendants' motions to dismiss for failure to comply with Rule 9(b) Fed. R.Civ.P. are hereby denied with respect to plaintiff's allegations of fraudulent and illegal activity and plaintiff's allegations of recklessness or culpable negligence.
*1055 IT IS FURTHER ORDERED that defendants' motions to dismiss Count II of plaintiff's complaint be and are granted and that Count II of plaintiff's complaint be and is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.
IT IS FURTHER ORDERED that defendants' motions to dismiss Count III of plaintiff's complaint be and are granted and that Count III of plaintiff's complaint be and is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.
IT IS FURTHER ORDERED that defendants' motions to dismiss Count IV of plaintiff's complaint be and are granted and that Count IV of plaintiff's complaint be and is dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.
IT IS FURTHER ORDERED that, because the instant order involves controlling questions of law as to which there is substantial ground for difference of opinion and because an immediate appeal from the instant order may materially advance the ultimate termination of this litigation, the parties are hereby granted leave to appeal the instant order pursuant to 28 U.S.C. § 1292(b). Under § 1292(b), the parties have ten days from this order to make their application(s) to the Court of Appeals.
IT IS FURTHER ORDERED that this matter be and is stayed in all respects during the pendency of the parties' interlocutory appeal and that plaintiff shall notify this Court immediately and in writing when the Eighth Circuit has issued its mandate with respect to said appeal.
NOTES
[1] As a practical matter, the same result would be reached under California choice of law principles. Viewing plaintiff's allegations as matters involving the "internal affairs" of the corporation, California courts would apply the law of the state of incorporation. See, e.g., Southern Sierras Power Co. v. Railroad Commission of California, 205 Cal. 479, 271 P. 747 (1928). Furthermore, even employing the "governmental interest analysis", which plaintiff suggests is appropriate, California courts would apply the law of the state of incorporation. See, e.g., Riley v. Fitzgerald, 178 Cal.App.3d 871, 223 Cal.Rptr. 889 (Cal.App.1986).
[2] Section 17535 of the California Business and Professions Code provides in pertinent part:

Any person ... [who] violates or proposes to violate this chapter may be enjoined by any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person ... of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful.