TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 93-303 |
| of | : | |
| | : | August 30, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE STAN STATHAM, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following questions:

1. Does Business and Professions Code section 6125, prohibiting the practice of law without being an active member of the State Bar, create any private causes of action?

2. May monetary damages be collected for personal injuries sustained as a result of a person practicing law who is not an active member of the State Bar?

3. Under the Unfair Competition Act, may a private attorney collect monetary damages from a person practicing law who is not an active member of the State Bar?

CONCLUSIONS

1. Business and Professions Code section 6125, prohibiting the practice of law without being an active member of the State Bar, does not create any private causes of action.

2. Monetary damages may be collected for personal injuries sustained as a result of a person practicing law who is not an active member of the State Bar.

3. Under the Unfair Competition Act, a private attorney may not collect monetary damages from a person practicing law who is not an active member of the State Bar.

ANALYSIS

The three questions presented for resolution concern the practice of law by a person who is not an active member of the State Bar. Under the State Bar Act (Bus. & Prof. Code, §§ 6000-

6228)[1] the practice of law in California is limited to those who are licensed by the State Bar. Although the Act does not define the term "practicing law," for purposes of this analysis we may assume that such activity would be unlawful when performed without a license.

## 1. PRIVATE ENFORCEMENT OF SECTION 6125

The first question presented is whether section 6125 authorizes a private cause of action against someone who is practicing law without a license. We conclude that the statute does not create any private causes of action.

Section 6125 states: "No person shall practice law in California unless the person is an active member of the State Bar." Nothing in the language of the statute or its legislative history suggests that a private cause of action is authorized under its terms.

Rather, the Act authorizes the State Bar and local law enforcement officials to take legal action against anyone engaged in the unauthorized practice of law. Section 6030 provides that the unlawful practice of law "may be enjoined in a civil action brought in the superior court by the State Bar . . . ." Subdivision (a) of section 6126 states: "Any person advertising or holding himself out as practicing or entitled to practice law or otherwise practicing law who is not an active member of the State Bar, is guilty of a misdemeanor."

While a violation of section 6125 may form the basis for a cause of action under some other statute or legal theory (as will be discussed hereafter), the statute itself does not expressly or by necessary implication authorize the private enforcement of its terms. In answer to the first question, therefore, we conclude that section 6125 does not create any private causes of action against someone who is practicing law without a license.

## 2. MONETARY DAMAGES FOR PERSONAL INJURIES

The second question presented is whether monetary damages may be collected for personal injuries sustained as a result of a person practicing law who is not an active member of the State Bar. We conclude that damages may be awarded in such circumstances.

A private cause of action based on a violation of section 6125 has been recognized where negligent work by the unlicensed practitioner has caused a private party to suffer loss. In *Biakanja* v. *Irving* (1958) 49 Cal.2d 647, a notary public who, in violation of section 6125, prepared a will for a client and negligently failed to have it properly attested was found liable to the beneficiary for the resulting damage sustained. The court found the defendant liable for damages even though there was no privity of contract between the litigants. It reasoned as follows:

> ". . . This was an important transaction requiring specialized skill, and defendant clearly was not qualified to undertake it. His conduct was not only negligent but was also highly improper. He engaged in the unauthorized practice of the law [citations], which is a misdemeanor in violation of section 6126 of the Business and Professions Code. *Such conduct should be discouraged and not protected by immunity from civil liability,* as would be the case if plaintiff, the only person who suffered a loss, were denied a right of action." (*Id.* at p. 651, fn. omitted, italics added.)

---

[1]All unidentified section references hereafter are to the Business and Professions Code.

In reaching this conclusion, the court disapproved a Court of Appeal decision which had held that section 6126 did not support a private cause of action but only the institution of a criminal proceeding. (Ibid.)

Section 6125 was applied in a similar fashion in *McKay* v. *Longsworth* (1989) 211 Cal.App.3d 1592, where a physician sought damages from an unlicensed person who had filed an unfair competition suit against her on behalf of another physician. The court accepted the trial court's finding that the monetary damages suffered by the plaintiff were a proximate result of the defendant's unauthorized practice of law and held that the defendant was liable for treble damages pursuant to Code of Civil Procedure section 1029.8, subdivision (a). (*Id.,* at p. 1595.)[2] Relying on *Biakanja*, the court found the policy considerations which largely shield licensed attorneys from third party lawsuits to be inapposite. Such considerations, the court stated, should not "protect those who intentionally violate the very laws which seek to protect the public by requiring the testing and licensing of those who would practice law." (*Id.,* at p. 1596.)

In answer to the second question, therefore, we conclude that monetary damages may be collected for personal injuries sustained as a result of a person practicing law who is not an active member of the State Bar.

### 3. THE UNFAIR COMPETITION ACT

The final question presented is whether a private attorney may recover monetary damages under the Unfair Competition Act (§§ 17200-17208) from a person practicing law without a license. We conclude that damages may not be collected under this statutory scheme in the circumstances presented.

Pursuant to the Unfair Competition Act, a business act or practice which is unlawful, unfair, or fraudulent may be enjoined and made subject to other equitable relief. (§§ 17200, 17203.)[3]

---

[2]Code of Civil Procedure section 1029.8, subdivision (a) provides:

"Any unlicensed person who causes injury or damage to another person as a result of providing goods or performing services for which a license is required under Division 2 (commencing with Section 500) or any initiative act referred to therein, Division 3 (commencing with Section 5000), or Chapter 2 (commencing with Section 18600) or Chapter 3 (commencing with Section 1900) of Division 87, of the Business and Professions Code, shall be liable to the injured person for treble the amount of damages assessed in a civil action in any court having proper jurisdiction. The court may, in its discretion, award all costs and attorney's fees to the injured person if that person prevails in the action."

The State Bar Act is part of "Division 3" (§§ 5000-9998.8).

[3]Section 17200 states:

". . . unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

Section 17203 provides:

The purpose of section 17200 is to protect both consumers as well as competitors, and no injury to competition is required. (*Barquis* v. *Merchants Collection Assn. of Oakland, Inc.* (1972) 7 Cal.3d 94, 110.)

In *People* v. *Landlords Professional Services* (1989) 215 Cal.App.3d 1599, the unauthorized practice of law was prosecuted as a form of unfair competition, and the district attorney was granted an injunction and substantial civil penalties. The main issue in the case was whether the defendant's activity constituted the unauthorized practice of law, but the case clearly demonstrates that section 6125 and section 17200 may combine to create a cause of action resulting in civil liability.

Although *Landlords* is an example of the enforcement of section 17200 by a public prosecutor, *all* persons acting on behalf of their own interests *or* for the general public have standing to bring claims under section 17200 (§ 17204),[4] and there appears to be no impediment to such an action being brought by a private party against an unlicensed attorney. Where, as here, an unlawful business practice is being challenged on the basis of a violation of another statute (§ 6125), the plaintiff may have standing under section 17200 even though he or she lacks standing under the underlying statute. (*People* v. *McKale* (1979) 25 Cal.3d 626, 633; *Midpeninsula Citizens for Fair Housing* v. *Westwood Investors* (1990) 221 Cal.App.3d 1377, 1389-1393.) The plaintiff need not be personally aggrieved to have standing. (*Consumers Union of United States, Inc.* v. *Fisher Development Inc.* (1989) 208 Cal.App.3d 1433, 1439.)

If the plaintiff prevails, the defendant may be required to relinquish any profits earned as a result of his or her illicit practice or make restitution to any person victimized by the practice. (*Fletcher* v. *Security Pacific National Bank* (1979) 23 Cal.3d 442, 450-453.)[5] Where the plaintiff is a private attorney seeking to stop unlicensed competition, compensatory or punitive damages would not be available under this statutory scheme; only equitable relief would be permitted in such

---

"Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgements, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

[4]Section 17204 provides:

"Actions for any relief pursuant to this chapter may be prosecuted by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public."

[5]All Unfair Competition Act remedies are cumulative to other remedies available under state law. (§ 17205; *Farmers Ins. Exchange* v. *Superior Court (People)* (1992) 2 Cal.4th 377, 383.)

circumstances. (*Industrial Indemnity Co.* v. *Superior Court* (1989) 209 Cal.App.3d 1093, 1096; *Newport Components* v. *NEC Home Electronics* (C.D.Cal. 1987) 671 F.Supp. 1525, 1551-1552.)[6]

In answer to the third question, therefore, we conclude that under the Unfair Competition Act, a private attorney may not collect monetary damages from a person practicing law who is not an active member of the State Bar.

\* \* \* \* \*

---

[6]Certain public officers may obtain a $2,500 civil penalty for each violation established in a civil action filed by them pursuant to section 17206.